40    307<br>115a  ¹379

## ALFRED DANIELS

### *v.*

## PETER BURSO.

1.  TAX TITLE—*receipt for taxes paid before the sale—its sufficiency.* In an action of ejectment, where the plaintiff relied upon a tax deed, the defendant sought to prove that the taxes for the alleged non-payment of which the land had been sold, had been paid before the sale, and offered a receipt for such taxes from the collector, for "teety seven dollars," the receipt also containing a column, headed "total tax," which footed up, in figures, $27. This was sufficient, as the jury could readily determine what "teety seven dollars" meant by observing the footing up of the column headed "total tax."

2.  The receipt described the premises upon which the taxes were paid, by No. 5 placed in a column headed "lot," and 9 in the next column headed "block," then followed the figure 8 in the column headed "lot," but with no number opposite thereto in the column headed "block." *Held,* that this description was sufficient to justify the inference, nothing appearing to the contrary, that lot eight was in the same block as lot five.

3.  PRACTICE — *when to object that a party questioning a tax deed has shown no title.* Where the plaintiff in ejectment relies upon a tax deed, and the defendant relies upon proof that the taxes for the alleged non-payment of which the land had been sold, were paid before the sale, an objection to such proof by the defendant on the ground that he has shown no title to the land, cannot be made for the first time on error; it should be made on the trial below, so as to enable the party to obviate it by proper evidence.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion states the case.

Mr. STEPHEN R. MOORE, for the plaintiff in error.

Mr. M. B. LOOMIS, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Kankakee Circuit Court, brought by Alfred Daniels against Peter Burso, to recover the possession of lot eight in block nine, in Kankakee city. Two verdicts were rendered for the defendant, on the last of which, judgment was entered against the plaintiff for the costs. The plaintiff has taken this writ of error to this court, and has assigned various errors, the most important of which will be noticed.

The plaintiff claimed the premises by virtue of a sheriff's deed, on a sale of the lot for the taxes of 1858. The deed is in the usual form and was recorded October 30, 1861.

To rebut this proof the defendant offered in evidence, against the objection of the plaintiff, the following receipt:

"State of Illinois, Kankakee county. Collector's office, Kankakee, Jan. 31, 1859. Received of Claude Petit teety-seven dollars and 14 cents in full for the following State, county, town, and special tax on the following described real estate, and on personal property for the year 1858, viz.:

| DESCRIPTION. | Lot. | Block. | Valuation. | State tax. | Town tax. | School tax for teach's. | School-house tax. | Road tax. | Bridge tax. | TOTAL TAX. |
|---|---|---|---|---|---|---|---|---|---|---|
| | 5 8 | 9 | $175 1.000 | | | | | | | $4.04 23.10 |
| | | | | | | | | | | $27.14 |

"G. LONGFELLOW,
"*Collector.*"

The plaintiff in error urges several objections to this instrument of evidence. He contends that as the statute makes the sheriff's deed *prima facie* evidence, that the taxes were not paid at any time before the sale, and that the lands conveyed had not been redeemed from the sale at the date of the deed, strong proof is required to rebut it. It is admitted that this presumption must be overcome by proof, but the quantum is nowhere suggested. The receipt was competent evidence, it purporting to be the act of the collector of taxes, and it was a fair question for the jury, when it was before them, to determine what "teety-seven dollars" meant, and this they could readily do, by observing the footing up of the column headed "total tax."

Another objection is, that as it was in proof there were in Kankakee city a great many lots numbered eight, and as the receipt does not show in what block lot eight, on which the taxes were paid, was situated, it should not have been admitted to prove it was in block nine.

This also, was a question fairly for the jury to determine, and though the evidence was not of the most conclusive character, still it was sufficient to justify the jury in finding as they did. But one block, and that block nine, is specified in the receipt. The first is lot five in block nine, with the valuation, and then follows lot eight with its valuation, leaving it to be inferred, in the absence of all proof to the contrary, that lot eight was in the same block as lot five. Another objection is, that this receipt could not be connected with the premises in controversy, because the statute provides that no person shall be permitted to question the title acquired by a collector's deed, without first showing that he had title to the land at the time of the sale (Scates' Comp. 1,000), and no such proof was shown.

On the trial this objection was not made and cannot now be raised in this court. The case proceeded as if the title of the defendant, independent of the tax title, was clear and indisputable, and it would seem to be too late now to put forth this objection, which if made at the proper time, an opportunity would have been afforded the defendant to obviate it.

As to the instructions asked by the plaintiff and refused by the court, it is sufficient to say that the fifteenth instruction given for the plaintiff, covers the whole ground of controversy, and puts the merits of the case fairly before the jury. That instruction is as follows:

" The court instructs the jury that to defeat the plaintiff's claim, the defendant must swear that the taxes were paid upon the identical property, lot and block, mentioned in the deed, for the year the said lands were sold, under which the plaintiff claims title, and that proof must be made by the defendant."

This was a fair statement of the law of the case, and although the proof was not of the strongest character, we deem it sufficient to sustain the verdict. The judgment must be affirmed.

*Judgment affirmed.*