FRONA ANN RANSOM

*v.*

SAMUEL E. HENDERSON *et al.*

*Filed at Springfield September 23, 1885.*

1.   TAX TITLE—*whether a precept must be shown in support of a tax deed—since the amendment of 1879.*  Prior to the amendment of the Revenue law of 1879, the failure to produce in evidence a precept, was fatal to a tax title; but since that amendment, making the tax deed *prima facie* evidence of the regularity of the proceedings, it is not necessary, in the first instance, for the party claiming title under the tax sale to produce such precept.    It is sufficient that he gives in evidence his tax deed.

2.   The production of a tax deed regular on its face, affords *prima facie* evidence "that the sale was conducted in the manner required by law;" but such *prima facie* case may be rebutted by evidence showing there was in fact no valid precept, or that the sale was not conducted according to law.

3.   PRACTICE IN THE SUPREME COURT — *considering ruling affecting interests of parties not complaining.*  On the appeal of one of several defendants, only, from a decree in partition, this court may refuse to consider a ruling as to the interests of other defendants not joining in the appeal and taking no steps to have the decree as to them reversed.    A party can not assign for error that which does not prejudice his or her rights.

APPEAL from the Circuit Court of Brown county; the Hon. ASA C. MATTHEWS, Judge, presiding.

Mr. WILLIAM L. VANDEVENTER, for the appellant:

Appellees' rights, except as to one-seventh derived from Mrs. Masterson, are claimed under a tax sale, and no precept of sale appears in the evidence.    Without it the sale is void. *Bell* v. *Johnson,* 111 Ill. 374; *Eagan* v. *Connelly,* 107 id. 459; *Gage* v. *Lightburn,* 93 id. 249; *Williams* v. *Underhill,* 58 id. 137; *Holbrook* v. *Dickinson,* 46 id. 285; *Hinman* v. *Pope,* 1 Gilm. 131.

Mr. WILLIAM H. BARNES, and Mr. O. P. THOMPSON, for the appellees:

A party will not be permitted to question a transaction which in no way affects his interests.    *Manufacturing Co.* v.

*Cady,* 96 Ill. 430; *Willemin* v. *Dunn,* 93 id. 511; *Robinson* v. *Brown,* 82 id. 281; *Greenman* v. *Harvey,* 53 id. 390.

The tax sale was fully sustained. The act of 1879, (Rev. Stat. sec. 224,) enacts that tax deeds shall be *prima facie* evidence,—first, that the lands were subject to taxation, and had been listed and assessed properly; second, that the taxes were not paid; third, that the lands were not redeemed; fourth, that the lands were properly advertised; fifth, that the lands were sold for taxes, as stated; sixth, that the grantee was the purchaser, or his assignee; seventh, that the sale was conducted in the manner required by law, and that the judgment shall estop all parties from raising any objection thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defence, etc.; and the judgment shall be conclusive evidence of its regularity and validity in all collateral proceedings.


Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding for partition, prosecuted by Samuel E. Henderson, Owen P. Thompson and William H. Barnes, against Hiram E. Henry, Robert Ransom and Frona Ann Ransom and others, in the circuit court of Brown county. The substantial allegations of the bill are, the lands of which partition is sought originally belonged to Jesse Orr, who died intestate on the 1st of January, 1876, leaving surviving him a widow and seven children, namely, Sarah E. Masterson, John Orr, Lorano Caroline Orr, Susan Orr, Elliott Orr, Julia Orr and Mary Orr; that John, Elliott and Julia subsequently conveyed their respective interests in the tract, and the widow relinquished her right of dower in the interests so conveyed, to Hiram E. Henry, Robert Ransom and Frona Ann Ransom, as tenants in common; that after such conveyance, the complainants, as tenants in common, purchased and became the

34—114 ILL.

owners of the respective interests of Sarah E. Masterson, Susan Orr and Mary Orr, leaving one-seventh interest owned by Lorano Caroline Orr. Proper parties are made defendants, and brought before the court. Hiram E. Henry and Robert and Frona Ann Ransom answered, jointly and severally, among other things denying that they are seized of only the parts or interests in the premises as alleged in the bill, and also denying that complainants, or either of them, have or has any right, title, interest or estate in the premises. They allege that Frona Ann Ransom acquired and owns six-sevenths of the premises, and that some person other than either of the complainants owns the other seventh. The other defendants failed to answer, and decree was rendered against them *pro confesso.* The court, on final hearing, found that the complainants, each, was the owner in fee of an undivided one-seventh, and that the defendant Frona Ann Ransom is entitled to an undivided four-sevenths of the premises, and commissioners were appointed to make partition accordingly. The commissioners reported, at a subsequent day, that the lands were insusceptible of partition, and thereupon the court decreed that they be sold, and that the proceeds be divided and paid over in accordance with the several interests as previously found, etc.

The evidence introduced upon the hearing proves the ownership of Jesse Orr in his lifetime, his death, and that his surviving children and only heirs-at-law were as alleged in the bill; that Frona Ann Ransom has conveyances of the interests of Susan, Mary C., Lorano C. and Elliott, and that Sarah Masterson conveyed by deed to complainants. Complainants claim the interests, and the claim was sustained by the circuit court, of John and Julia, by virtue of a judgment and sale for taxes, and a deed thereunder, purporting to convey their interests. The only question discussed upon the record is, whether the evidence is sufficient to justify the decree as to those two interests. But the only parties adversely

affected by the ruling,—namely, John and Julia,—are not before us. They have assigned no errors upon this record, and have taken no steps to reverse the decree below. Frona Ann Ransom, who alone appeals, makes no pretence, by her proofs, of ownership of their interests. Her answer, not under oath, was but a pleading, putting in issue the allegations of the petition. (*Jones* v. *Neely*, 72 Ill. 449; *Willis* v. *Henderson*, 4 Scam. 13.) The evidence shows that she entered into possession having title to a certain undivided interest, and fails to show a disseizin of her co-tenants, or any attempt to disseize them; and the law, therefore, construes her possession as being under and by virtue of the title she is proven to have had, and in maintenance of the rights of all the tenants. (Freeman on Co-tenancy, sec. 166; *Busch* v. *Huston*, 75 Ill. 344; *Ball et al.* v. *Palmer*, 81 id. 370.) She gets her full distributive share of the proceeds of the sale of the property under the decree, and whether other shares to which she is not entitled are paid over to the right parties or not, can not concern her. The principle is of familiar application that a party can not assign for error that which does not prejudice his or her rights. *Greenman* v. *Harvey*, 53 Ill. 390; *Robinson* v. *Brown*, 82 id. 281; *Willemin* v. *Dunn*, 93 id. 511; *Manufacturing Co.* v. *Cady*, 96 id. 430.

But we may go further, and sustain the decree upon the hypothesis that this question is properly before us. The judgment was for the taxes due for the year 1879. A record of the judgment, and sale thereunder, a copy of the affidavit made for the purpose of obtaining a tax deed, and a tax deed in due and regular form of law, were read in evidence, without any objection being interposed against the competency or sufficiency of the evidence at the time,—at all events, the record discloses no such objection.

Section 224 of the Revenue law, in force when this sale was made, (2 Starr & Curtiss, 2101,) makes tax deeds, like that here read in evidence, *prima facie* evidence in all con-

troversies and suits in relation to the right of the purchaser, his heirs or assigns, to the real estate thereby conveyed, of seven distinct, specified facts, among which are, "that the real estate was sold for taxes or special assessments, as stated in the deed," and "that the sale was conducted in the manner required by law." Very clearly, if the sale was not conducted in the manner required by section 194 of the same chapter, which prescribes the record which shall authorize the sale, it was not conducted in "the manner required by law;" and, conversely, if it was conducted in the manner required by law, it was conducted as required by said section 194, and so it must follow that the tax deed itself was *prima facie* evidence that the sale was conducted in the manner required by that section.

The objection now urged is, that the evidence introduced failed to show compliance with said section 194,—in other words, the existence of a precept authorizing the sale. The reading of the deed in evidence, alone, by the petitioners, would have made a *prima facie* case in their behalf, and the burden would then have been on the defendants to have disproved that *prima facie* case. They were under no obligation, in the first instance, to have introduced any other evidence; but, having unnecessarily introduced some evidence of the proceedings anterior to the sale, may it be said they have waived the *prima facie* case made by the introduction of the deed? We think not, especially as no objection was made, at the time, to the sufficiency of this evidence or the admissibility in evidence of the tax deed. Had the objection now urged been urged at the time, the petitioners might, for aught that appears in this record, have obtained and introduced the evidence claimed to be wanting. It now comes too late. (*Daniels* v. *Burso,* 40 Ill. 307; *Hyde* v. *Heath,* 75 id. 381.) *Bell* v. *Johnson,* 111 Ill. 374, was totally unlike the present case. There, the proceeding was to set aside the tax deed as a nullity, because there was no precept. The complainants

affirmatively introduced what was claimed to be all the record evidence, and no precept was included. It was then incumbent on the defendant to introduce other proof of the precept if such evidence was in existence, and no such evidence being introduced, it was concluded there was none. The *prima facie* case made by the introduction of the tax deed was overcome. There was no question as to the admissibility of evidence, or of waiver, by reason of failure to object to the introduction of evidence.

We have made some changes in the argument in this opinion, but none in the rulings, since considering the able petition for rehearing filed herein. We perceive no reason to change from our former conclusion, and the decree is therefore affirmed, and the petition for rehearing denied.

*Decree affirmed.*