## Oliver Holmes v. Dennis Clifford and Mary Clifford.

1. CHANCERY PRACTICE—*Going to Trial Without a Replication.*— Where a party to a chancery proceeding submits to a trial without a replication, the lack of the replication is waived.

2. RESULTING TRUSTS—*Do Not Depend Upon the State of Accounts Between the Parties.*—A resulting trust does not depend upon the general state of accounts between the parties.

3. SAME—*When it Arises in Favor of a Wife as Against Her Husband's Creditors.*—Where a husband and wife unite in the purchase of a farm and the wife contributes, out of her own property to the purchase money, a resulting trust will arise in her favor as against the creditors of her husband to the extent of her contribution to the consideration.

Bill in Aid of an Execution.—Appeal from the Circuit Court of Wayne County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard

---

* RULE 29. If the defendant in error or appellee shall fail to file his brief in compliance with these rules, the judgment or decree will be reversed *pro forma*, unless the court on examination of the record shall deem it proper to decide the case on its merits. 92 Ill. App. 671.

in this court at the February term, 1901. Reversed and remanded. Opinion filed March 11, 1901.

CREIGHTON, KRAMER & KRAMER, attorneys for appellant.

A. M. FUNKHOUSER, attorney for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in aid of an execution, in the Circuit Court of Wayne County, by appellant against appellees. Upon the hearing the trial court dismissed appellant's bill for want of equity, at his costs.

Appellees are husband and wife. They resided in the city of St. Louis in the State of Missouri. They owned certain real estate, situate at the northwest corner of Choteau avenue and Cabanne street, in said city, the lot having a frontage of seventy-five feet on Choteau avenue, and a depth of one hundred and fifty feet. This property may be designated as the Choteau avenue property. Appellant owned a two hundred acre farm, near Fairfield, Wayne county, Illinois. After some negotiations between the parties, on the 2d day of March, 1894, they entered into a written agreement, signed by appellant, and appellee Dennis, wherein it was agreed that the parties were to exchange properties. Appellant was to have appellees' Choteau avenue property, and appellees were to have appellant's two hundred acre farm. Appellee Mary did not sign this contract, but she was cognizant of the transaction. Appellee Dennis not only acted for himself but as agent for his co-appellee, and his actions in making this contract were both authorized and ratified by her. At that time appellee Mary owned fifty feet of the frontage of the Choteau avenue property, which her co-appellee had gratuitously caused to be deeded to her some time before. The transaction was consummated by appellees' deeding the Choteau avenue property to appellant, and putting him into actual possession, and appellant deeding the two hundred acre farm to appellee Dennis, and putting both appellees into actual possession. After appellant went into possession of the

property thus obtained from appellees, he found that he had been defrauded by means of false representations as to certain sewers and sewer connections, and commenced suit in the Circuit Court of the City of St. Louis, Missouri, against both appellees herein, to recover damages resulting to him from such fraud. To this suit appellees pleaded jointly, and jointly set up a set-off for alleged damages sustained by them jointly, growing out of the same transaction, and upon a trial by a jury, appellant recovered a verdict and judgment against appellee Dennis alone. But in the perpetration of the fraud for which this recovery was had, appellee Dennis acted as agent for appellee Mary, to the extent of her interest in the property, as well as for himself, and the fruits of said fraud accrued to appellee Mary in proportion to her interest in the property. After the rendition of this judgment, appellee Dennis entered into negotiations with appellant for a short stay of execution, and pending such negotiations, conveyed to his co-appellee Mary, without any consideration, not only all of the two hundred acre farm, but also other real estate worth $60,000, and then refused to pay appellant's judgment. Thereafter appellant commenced an action in debt, based on his Missouri judgment, in the Circuit Court of Wayne County, Illinois. This action progressed to judgment. Execution issued thereon, was returned *nulla bona*, and an alias execution issued, in aid of which the bill in this case was filed, to set aside the deed from appellee Dennis to his co-appellee Mary, for the two hundred acre farm, and to subject it to levy and sale for the satisfaction of said executions and costs.

The defense set up is, that appellee Mary owned the Choteau avenue property, and that it was exchanged for the two hundred acre farm, and the deed to the whole of the farm taken to her co-appellee Dennis, without her knowledge or consent, and that therefrom a resulting trust arose in her favor; that the equitable title was in her, and that the deed which her co-appellee subsequently made, passing the legal title to her, was only in furtherance of her legal and equitable rights and not in fraud of appellant.

To the answer setting up this defense, it appears that no replication was filed, and counsel for appellees insist that therefore this answer must be accepted as true. The answer is not under oath and can not be considered as evidence in the case, but counsel rely on the statute requiring replications to be filed in four days. The statute is :

"Replications shall be general, with the like advantage to all parties as if special, and shall be filed in four days after the plaintiff or his attorney shall be served with notice of answer filed."

The record does not disclose that either the plaintiff or his attorney were ever "served with notice of answer filed,". and further, "lack of replication is waived by submitting to trial without objection." Jones v. Neely, 72 Ill. 449; Marple v. Scott, 41 Ill. 50. The state of this record is such that the answer can not be accepted as true, and the facts must be determined from the evidence.

Counsel for appellant contend that if we shall find a state of facts from which a resulting trust might have arisen in favor of appellee Mary as to the two hundred acre farm or any interest therein, an account should be taken between her and her co-appellee, and that, as between her and appellant, the large gratuitous conveyances made to her by her co-appellee should be held to extinguish any interest she might have in said farm. In this we can not agree with counsel. In a case of this kind a resulting trust does not depend upon the general state of accounts between the parties. If, as between appellant and said appellee, this farm or any interest therein is equitably hers, the fact that she may have received from her co-appellee other property, which as between her and appellant would not be hers in equity, or that she might owe her co-appellee large sums of money on general account, would not militate against the validity of her title in this particular property.

This case turns upon whether or not the evidence establishes such state of facts as will raise a resulting trust as to the farm in question in favor of appellee Mary, and if so

to what extent. The consideration paid for this farm was the whole of the Choteau avenue property, and of this property appellee Mary owned only fifty feet of the frontage and appellee Dennis owned the remaining twenty-five feet. It appears from the prior conduct of appellees and expressly from their pleas in the original case tried in St. Louis, that the title to the Choteau avenue property was in both of them, and the deed of October 15, 1887, from Benjamin W. Delzell to Mary Clifford, discloses the only interest of appellee Mary in this property. True, in her testimony she calls it her property, but she only shows title to fifty feet of it. She and her co-appellee owned the Choteau avenue property, consisting of seventy-five feet frontage by a depth of one hundred and fifty feet, she owning fifty feet and her co-appellee twenty-five feet. Her co-appellee, acting for both of them, exchanged it for the farm in question, and without her knowledge or consent, and without any fault on the part of appellant, took the deed to the whole of the farm in his own name.

It is clear that, as between herself and appellant there was not such a resulting trust as would enable appellee Mary to hold the whole of the farm. If we pursue the matter back to appellant's grievance, out of which the judgment originated, and find, as we do, that the fraud was perpetrated on appellant by appellee Dennis acting as agent for appellee Mary, as well as for himself, concerning the very consideration paid for the farm in question, and that the fruits of such fraud accrued to appellee Mary in proportion to her interest in such consideration, and became a part of the consideration, then we might well hold that she is entirely estopped; but as, for some reason not apparent from the record, the original judgment did not go against her as well as against her co-appellee, and as it is apparent that her co-appellee's interest in the farm in question is abundantly sufficient to pay the amount of the execution and costs, we do not feel called upon to pursue the case to that result.

It is reasonably inferable from the evidence that the relative value of the respective interests in the Choteau avenue

property was in proportion to the frontage owned by each, and therefore we may assume that appellee Mary contributed two-thirds of the consideration paid for the farm. If so, then under the facts disclosed by the record in this case, we may hold that a resulting trust did arise in her favor to that extent, and that the deed from her co-appellee to her, is to that extent valid, as against appellant, but not so to any greater extent. This is the most favorable view of the facts and the law, as to appellee Mary that can be sustained, for unless she furnished either the whole or some definite part of the purchase price of the farm no resulting trust could arise in her favor. Jackson v. Kraft, 186 Ill. 623.

We find that appellee Dennis Clifford is the equitable owner of one full undivided third part of all the lands described in the bill; that the deed from him to his co-appellee Mary Clifford, is, to the extent of the undivided one-third of all said land, in fraud of appellant's rights and void as to him; that the trial court should have granted the relief prayed in the bill to the extent of the full undivided one-third part of all the lands described therein; and that the court erred in refusing to grant such relief, and in dismissing complainant's bill and in adjudging and decreeing that complainant should pay all or any part of the costs of the proceeding.

The decree of the Circuit Court is reversed and the cause is remanded.