JOHN C. JONES

*v.*

JOHN W. NEELY.

1. CHANCERY—*jurisdiction in matters of fraud.* Courts of equity, in cases of fraud, have concurrent jurisdiction with courts of law.

2. So, where a bill to set aside a deed alleged that the grantor had executed and delivered it to the grantee in consideration of the execution by the grantee of his four promissory notes for the purchase money, and a bond obligating himself to support the grantor so long as the notes remained unpaid; that the grantor in the deed and payee of the notes placed the notes and bond in the hands of the grantee in the deed and maker of the notes, for safe keeping, the latter promising to return them to the former; that the grantee had neglected and refused to return the notes and bond, although frequently requested to do so, and had wholly failed and neglected to support the grantor; that, by fraud and deceit, the grantee had obtained the deed from the grantor, without paying or giving any consideration, and had conveyed the land to another without any consideration, it was *held,* that the circumstances justified the inference of an abandonment of the contract by the grantee and a presumption of fraudulent intent in entering into it, and that a court of chancery should entertain the bill on the ground of fraud.

3. SAME—*answer as evidence—absence of replication.* An answer to a bill in equity, which is not sworn to, is not, for any purpose, evidence in the case, but performs the office of pleading merely, and the mere want of a replication is not a sufficient cause for reversing a decree, where the parties have submitted the case for decision upon pleadings and proof, and the court heard proof without objection. In such a case, the filing of a replication will be deemed to have been waived.

4. SAME—*presumption is, that facts recited in a decree as appearing to the court, appeared from the evidence.* Where it appears, from the record, that the court heard proof, and the decree recites that certain facts appeared to the court, but the evidence is not preserved in the record, the presumption is, that the court found such facts from the evidence.

29—72D ILL.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. THOMAS G. ALLEN, and Mr. LEVI DAVIS, JR., for the plaintiff in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, for the cancellation of two certain conveyances of land, filed September 4, 1869.

The bill charges, in substance, that Neely, the defendant in error, on the 13th of April, 1868, sold and conveyed to Henry A. Ash $117\frac{24}{100}$ acres of land, in consideration of $2000, to be paid according to the tenor of four promissory notes of that date, given by Ash to Neely, payable in one, two, three and four years, respectively, and also in consideration that the former would support and maintain the latter as long as the $2000 should remain unpaid; to secure the performance of which last mentioned undertaking, Ash executed to Neely a bond for its faithful performance; that Neely placed the notes and bond in the hands of Ash, for safe keeping, the latter promising to return the same to the former when "they should come to his house;" that Ash had wholly and absolutely refused to deliver to Neely either the notes or bond, although the latter had frequently requested him to do so, and demanded the delivery of the notes and bond; and that Ash had wholly refused and neglected to support and maintain Neely; that, by fraud and deceit, Ash had obtained from the complainant the deed, without paying or giving any consideration; that, at the time, and now, as complainant believed, Ash was and is a minor, and that, on the 5th of August, 1868, the latter conveyed the land to John C. Jones without consideration.

There having been publication of notice to Ash, and he failing to appear, his default was entered. Jones answered, and, on hearing, the court decreed the cancellation of both deeds as prayed for. Jones brings the case here by writ of error.

It is insisted, first, that the decree should be reversed, because no facts are shown by the bill which justified the court in assuming jurisdiction and decreeing equitable relief to Neely.

It is said that, by the showing of the bill, Neely's contract with Ash is one that may be enforced in a court of law; that the wrongful detention or withholding of the notes and bond by Ash after they were placed in his hands for safe keeping, by Neely, is no sufficient reason why the latter may not recover their possession by a proper action, or bring suit for the amount that was thus promised and secured to him at the time he sold the land to Ash, and that there is an adequate remedy at law. But it is familiar doctrine, that courts of equity, in cases of fraud, have concurrent jurisdiction with courts of law.

The circumstances set forth in the bill, taken altogether, may well justify the inference of an abandonment of the contract by Ash, and a presumption of a fraudulent intent in entering into it. *Frazier* v. *Miller*, 16 Ill. 48; *Oard et al.* v. *Oard*, 59 id. 46. We regard these decisions as furnishing ample warrant for the maintenance of this bill on the ground of fraud.

It is next insisted, that, even if it were shown by the bill that Neely is entitled to equitable relief against Ash, in view of the answer made by Jones denying the allegations of the bill, and the absence of a replication, and of evidence to the contrary of what is alleged in the answer, it was erroneous to decree against the deed of conveyance obtained by Jones from Ash. The answer of Jones, not being under oath, was not, for any purpose, evidence in the cause, but performed the office of pleading merely. The mere want of a replication is not a sufficient cause for reversing a decree, where parties have submitted the cause for decision on the pleadings and proofs, without objection. They will be deemed to have waived the filing of a replication. *Webb* v. *The Alton Marine and Fire Ins. Co.* 5 Gilm. 223; *Jameson* v. *Conway*, id. 227; *Chambers* v. *Rowe*, 36 Ill. 171.

The decree recites that, "this cause coming on for hearing, is tried by the court on bill and answer of the defendant, John

C. Jones, and proofs; and A. G. Gordon is appointed special master to reduce the testimony to writing, as heard in open court; and it appearing to the court that," etc., etc., reciting various facts which we deem sufficient to support the decree; and we do not understand appellant's counsel as questioning their sufficiency in that respect, but only questioning that they were found upon the evidence.

It is said, the recital in the decree that, it "appearing" to the court, so and so, is not a recital that the matters therein stated were found by the court upon the evidence in the case. This is construing the language of the decree with unwarrantable strictness, and presuming against, instead of in favor of, the correct action of a court. It is recited that the cause was tried on bill, answer and *proofs;* that a special master was appointed to reduce the testimony to writing, as heard in open court. Courts act in view of testimony, and we can not and ought not to presume that anything "appeared" to the court on the trial of the cause, except what appeared from the testimony.

The evidence is not preserved in the record, but we think it sufficiently appears from the recital in the decree, that the facts were found by the court upon the evidence in the case.

This is sufficient, as has been frequently ruled. *Durham* v. *Mulkey,* 59 Ill. 91, and cases there cited.

Perceiving no error in the record, the decree is affirmed.

*Decree-affirmed.*