LUTHER STEBBINS

*v.*

JOSEPH PETTY *et al.*

*Opinion filed April 20, 1904.*

1. DEEDS—*when grantor is entitled to cancellation of deed.* Failure of a grantee to perform her agreement to support the grantor during his lifetime, as a consideration for the deed, entitles the grantor to a cancellation of the deed in equity, upon the theory that the grantee's conduct raises a presumption of fraudulent intention at the inception of the contract.

2. SAME—*when grantor is not entitled to cancellation of deed as against grantee's heirs.* Failure of the minor heirs to support the grantor in accordance with the agreement of the grantee, their mother, which she had fully performed up to her death, is not ground for cancellation of the deed, unless there is an unsatisfied judgment or decree in some prior legal proceeding requiring such heirs to perform the grantee's agreement.

3. SAME—*grantor may file bill to foreclose lien to secure performance of agreement for support.* If a deed, made in consideration of the grantee's agreement to support the grantor during his lifetime, reserves a lien on the land to secure performance of the agreement, the grantor may file a bill to foreclose the lien against the minor heirs of the grantee, although the latter performed her agreement to the time of her death.

4. PLEADING—*grantor seeking cancellation of deed should offer to return money consideration.* A bill filed by the grantor to set aside a deed, for which the consideration is stated to be "$100 and love and affection," upon the ground of a breach of the grantee's agreement to support the grantor, should aver that the money consideration was not in fact paid, or should tender the same into court.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

On May 27, 1903, appellant commenced this suit in equity in the circuit court of Pike county. The bill alleges that Luther Stebbins, the complainant, on October 21, 1868, became seized in fee of certain real estate situated in that county; that he occupied the land as a home until about July 10, 1902, when he conveyed the same, being all of his property, to his adopted daughter, Emily Petty, reserving a life estate to himself therein; that

Emily Petty died on October 31, 1902, leaving her surviving Joseph Petty, her husband, and Estill Miller Petty and Marion Luther Petty, her minor children, and that she left no assets or personal property whatever. The bill then alleges that the deed of July 10, 1902, a copy of which is attached to the bill and made a part thereof, contains the following condition: "Reserving, however, a life estate in said land, and in further consideration of this deed the said grantee, Emily Petty, agrees and binds herself, her heirs and assigns, to properly maintain the said grantor, in sickness and in health, during his natural life, which undertaking of support and maintenance is hereby made a lien on the land hereby conveyed, situated in said Pittsfield township, county of Pike and State of Illinois."

The bill then alleges that Emily Petty accepted the conditions of said deed; that since the death of Emily Petty her husband and said children have failed to support and maintain the complainant; that they have been often requested to do so, but have refused; that the complainant has made repeated requests of said Joseph Petty to pay for the complainant's board and support, and sets out that said Joseph Petty, in his own right and as the natural guardian of said minors, has refused, and still refuses, to carry out the agreement of Emily Petty contained in said deed. It is alleged that the consideration of the deed has utterly failed; that said children are minors, and asks the court to appoint a guardian *ad litem* for them. The prayer of the bill is, that the deed be canceled and set aside and complainant re-invested with the title in fee to the land, and for general relief. Joseph Petty and the two children above mentioned are made defendants. The consideration expressed in the deed from Luther Stebbins to Emily Petty is "$100 and love and affection, in hand paid."

The circuit court appointed Jefferson Orr and W. E. Williams as guardians *ad litem* for the infant defendants.

The defendants demurred to the bill. The demurrer was sustained and a decree was entered dismissing the bill at complainant's costs. This is an appeal from that decree.

· MATTHEWS & ANDERSON, for appellant.

JEFFERSON ORR and W. E. WILLIAMS, guardians *ad litem*, and WILLIAMS & GROTE, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It has been frequently held in this State that where a grantor conveys land, and the consideration is an agreement by the grantee to support, maintain and care for the grantor during the remainder of his or her natural life, and the grantee neglects or refuses to comply with the contract, the grantor may, in equity, have a decree rescinding the contract and setting aside the deed and re-investing the grantor with the title to the real estate. (*Frazier* v. *Miller*, 16 Ill. 48; *Oard* v. *Oard*, 59 id. 46; *Jones* v. *Neely*, 72 id. 449; *Kusch* v. *Kusch*, 143 id. 353; *Cooper* v. *Gum*, 152 id. 471; *McClelland* v. *McClelland*, 176 id. 83; *Fabrice* v. *Von der Brelie*, 190 id. 460.) A careful examination of these cases leads to the conclusion that the intervention of equity in such cases has been sanctioned in this State on the theory that the neglect or refusal of the grantee to comply with his contract raises a presumption that he did not intend to comply with it in the first instance and that the contract was fraudulent in its inception, wherefore a court of equity will not permit him to enjoy the conveyance so obtained.

It appears from this bill that the grantee herein complied with her contract during her lifetime. Nothing that she did, therefore, raises any presumption that she was animated by any fraudulent purpose in accepting this conveyance. Joseph Petty, her husband, has no present interest in this real estate, as the grantor reserved to himself a life estate therein. Her heirs are the appellees,

Estill Miller Petty and Marion Luther Petty, aged, respectively, three and six years. Will the failure of these minor children to properly maintain the grantor after the death of the mother lead to the conclusion that the contract was fraudulent in the beginning?

We are referred by appellant to the cases of *Patterson* v. *Patterson*, 81 Iowa, 626, *Knutson* v. *Bostrak*, 99 Wis. 469, *Glocke* v. *Glocke*, 113 id. 303, *Wanner* v. *Wanner*, 115 id. 196, and *Lockwood* v. *Lockwood*, 124 Mich. 627, as authorities for the proposition that appellant has the same remedy in equity against these minors that he would have had against their mother had she survived and refused or neglected to perform her contract. None of these cases are cases where the rights of the grantee had passed to minors.

In *Cree* v. *Sherfy*, 138 Ind. 354, however, the grantee, until his death, supported the grantor, and thereafter the grantor obtained relief of the character here sought against the minor heirs of the grantee. In Indiana, as well as in the other States, excepting Illinois, where the courts of last resort have considered contracts of this character, so far as we have been referred to their decisions by appellant, the relief is placed on the theory that the agreement to maintain will be read into the deed as a condition subsequent, and that the latter instrument will be construed as though the granting portion thereof were followed by words stating that it is made upon condition that the grantee support and maintain the grantor so long as the latter lives. Under such a construction it is apparent that whenever support and maintenance were not furnished to the grantor, no matter what occasioned the default, unless performance was excused by him, he could enforce the condition. We have never so construed these deeds.

In the case of *Gallaher* v. *Herbert*, 117 Ill. 160, where the father conveyed a quarter section of land to his son in consideration of natural love and affection and $200

per year to be paid to the father as long as he lived, this court expressly refused to hold that the conveyance was upon a condition subsequent, saying: "The words 'upon condition' do not occur, and there are no other words of equivalent meaning." No reason appears why a different construction should be given by us to a deed which requires support and maintenance to be thereafter furnished instead of money to be thereafter paid.

These minor children, having no legal guardian, in the absence of some legal proceeding resulting in a decree or judgment providing for the enforcement of the contract of their mother against their property, which remains unsatisfied, cannot be held, in equity, either to have refused or neglected to comply with the contract of their mother. They are peculiarly the wards of a court of chancery. We must recognize the fact that without the aid of a court of competent jurisdiction their property cannot be applied to the satisfaction of this obligation, nor can they themselves elect to refuse to perform this contract; nor, in the absence of a decree or judgment against them, can it be said that they have negligently failed to comply with the terms of the agreement. It will scarcely be urged that the failure of two children of tender years to furnish support to the grantor, under the circumstances disclosed by this bill, raises a presumption that the contract had its inception in a fraudulent purpose on the part of their mother.

The grantor is entitled to support and maintenance as in the lifetime of Emily Petty. A lien securing the same is reserved by the deed, and he has the undoubted right to foreclose that lien if he so elects.

The decree of the circuit court will be affirmed.

*Decree affirmed.*