## J. B. Piot, Administrator, Defendant in Error, v. E. R. Davis, Plaintiff in Error.

PLEADING—*when replication in chancery deemed waived.* Where the case has been heard "upon pleadings, evidence and proofs taken by the master in chancery, and upon depositions of witnesses and oral testimony," the filing of a replication will be deemed to have been waived.

Bill in chancery. Error to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

JAMES J. RAFTER, for plaintiff in error.

LOUDEN & CROW, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of St. Clair county, by defendant in error, to foreclose a real estate mortgage executed by Inez Schmith and Albert L. Schmith her husband, to H. D. Sexton, trustee, to secure the payment of a promissory note for the sum of $2000, given for money borrowed. The note and mortgage had been duly assigned and transferred by H. D. Sexton, trustee, to the intestate of defendant in error; and the bill contained an averment that plaintiff in error, "has or claims to have some interest in the premises in possession or otherwise," and averring that whatever interest he has is subject to the rights of defendant in error. The bill makes plaintiff in error a co-defendant with the Schmiths, and in his answer he states that he had no knowledge of the mortgage other than from rumor; that he claims to be the owner in fee simple of the premises, by deed executed to him prior to the date of the mortgage, and by continuous possession thereunder; and he denies that his interest is subject to the rights of defendant in error.

The issues were tried by the court, and the court rendered a decree of foreclosure in favor of defendant in error, finding the amount due to be $2403.70, and finding, adjudging and decreeing that the interest of plaintiff in error in the premises is subject to the rights of defendant in error under the mortgage.

Counsel for plaintiff in error calls the court's attention to the fact, that the record fails to show that any replication was filed to the answer of plaintiffs in error, and contends that under the statute the answer must be taken as true. This cause was not set down for hearing "upon the bill and answer" under the stat-

ute here sought to be availed of, but came on hearing and was heard "upon pleadings, evidence and proofs taken by the master in chancery, and upon depositions of witnesses and oral testimony." Under such state of record the statute cannot be invoked. The filing of a replication will be deemed to have been waived in such case. Marple v. Scott, 41 Ill. 50; Jones v. Neely, 72 Ill. 449.

The evidence in the case tended to prove, and the chancellor who heard and decided the case and rendered the decree was warranted in finding, that on and prior to the 10th day of June, 1891, the wife of plaintiff in error owned the premises in question and on that day she and plaintiff in error joined in the execution of a mortgage on said premises to one John Drury to secure a note of $1000, for money borrowed, and that this mortgage was duly recorded on the following day; that subsequent to June 10, 1891, and prior to June 11, 1895, Inez Davis, now Inez Schmith, the daughter of plaintiff in error, acquired title to said premises, subject to the above noted mortgage; that on the last named date she conveyed the same to plaintiff in error for the expressed consideration of $625; that this conveyance was withheld from record; that sometime after the conveyance to her father, Inez Davis was married to A. L. Schmith, her name becoming Inez Schmith; that in December, 1898, plaintiff in error procured insurance through Sexton, the trustee, who made the loan in question here, on a part of the premises in question, in the name of his daughter, Inez Schmith; that shortly prior to September 28, 1899, the date of the execution of the note and mortgage to secure this loan, he joined A. L. Schmith, his daughter's husband, in negotiating with Sexton for this loan telling Sexton "they were very much in need of the money and that it would be all right to make the loan;" that the loan in question was consummated on the 28th day of September, 1899, and the daughter, Inez Schmith, and her husband, A. L. Schmith, sign-

ing the note and mortgage, and the mortgage was duly recorded on September 30, 1899; that out of the proceeds of this $2000 loan, the $1000 mortgage which plaintiff in error had joined his wife in making to John Drury, on June 10, 1891, was paid off and discharged, and a release deed therefor was executed September 28, 1899, and recorded September 30, 1899, concurrent with and incident to the consummation of the loan in question here; that during all this time and for years thereafter the title of record stood in the name of Inez Davis, the said daughter of plaintiff in error, and that he never during said time disclosed or claimed any interest in said premises, to either Sexton or to defendant in error; and that on the 20th day of October, 1904, more than five years after the consummation of the loan, the execution and recording of the mortgage in question, plaintiff in error caused the deed from his daughter to him to be recorded.

As to some of the facts enumerated above the evidence is conflicting, but to our minds the foregoing is a fair statement of facts fairly proved by the evidence and the reasonable inferences deducible therefrom.

It is true that plaintiff in error establishes quite conclusively that he came to Springfield from East St. Louis with a horse and buggy on the 28th day of September, 1899, the day the note and mortgage were signed by his daughter and her husband, and that he remained there for two weeks under a doctor's care. But we think the evidence proves with equal conclusiveness that he had negotiated with Sexton, the trustee, and advised the making of the loan before that time.

We are of opinion that plaintiff in error was a proper party to the foreclosure suit, and that the decree of the trial court is equitable and just. The decree of the Circuit Court is affirmed.

*Affirmed.*