Louise Hughes, Appellee, v. J. Marion Miller et al., Appellants.

## Gen. No. 17,487.

1. CHANCERY—*when answer not taken as true.* Where the parties consent to a reference to a master, it cannot afterwards be urged that the answer should be taken as true because no replication was filed.

2. CHANCERY—*waiver of exceptions to answer.* Exceptions to an answer are waived where the complainant consents to a reference to a master.

3. MORTGAGES—*payment.* In a foreclosure proceeding a conclusion that certain insurance collected did not constitute a payment on the principal is correct where it is alleged that money for a fire loss was collected by a firm to which the trustee named in the deed belonged, but the only evidence of ownership of the note at that time is the testimony of such trustee to the effect that it was not owned by him or his firm but by a client, that his only duty was to collect the rent, and that the insurance was paid to the representative of the one who, prior to her death, was the equitable owner.

4. COSTS—*stenographer's fees.* Under R. S., c. 53, § 20, allowance of stenographer's fees is proper where a cause is referred to a master.

Appeal from the Circuit Court of Cook county; the HON. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 12, 1912. *Certiorari* denied by Supreme Court (making opinion final).

JOHN M. HUMPHREY, for appellants.

EDWARD B. HEALY, for appelee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is an appeal from a decree of foreclosure of

a trust deed. The first point raised by the appellant is that the answer should have been taken as true because no replication was filed. It appears from the record that there was a reference of the cause to a master in chancery, and that the appellants consented to such reference. An examination of the master's report shows that the taking of testimony was begun on March 4, 1910. After considerable testimony had been received the hearing was continued until March 12th. The record shows that the following colloquy was had between the master and the then counsel for appellants, J. Marion Miller:

The Master: "Let it appear that Mr. Miller before the commencement of the taking of testimony on the 4th day of March, 1910, wished the question of exceptions to the answer to be taken up first."
Mr. Miller: "And the suggestion that there was no replication."
The Master: "Yes, and the master thought it better to hear testimony in regard to the entire case together."

There was no objection to the taking of testimony on the ground that no replication was filed. We think the case in this respect comes within the rule laid down in Jones v. Neely, 72 Ill. 449, wherein it was held that an answer to a bill in equity which is not sworn to is not evidence, but performs the office of pleading merely, and that the mere want of replication is not sufficient cause for reversing a decree where the parties have submitted the case for decision upon pleadings and proof, and the court (in this case the master) heard proof without objection. The exceptions to the answer were those of the appellee, and she waived the same by consenting to the reference. The appellants therefore have nothing to complain of on that score.

The principal other question raised is based upon the proposition advanced by appellants, that the de-

cree was not supported by the evidence. In this respect the appellants rely chiefly upon the alleged proof that a tender of the amount due was made by J. Marion Miller, one of the appellants. If such a tender was made, it was not kept good by the payment of the money into court, or in any other way. After an examination of the record, we think that the master and the court were justified in the conclusion that no such tender was made.

It is next alleged that the principal and interest notes were not purchased by Graham, who sold them to the appellee, but were paid by him. The master and the court found against the appellants on this proposition, and upon an examination of the record we are of the opinion that their finding in this respect also was justified.

A claim is made by appellants that the sum of $125 was collected by Goodridge, French & Co. from an insurance company for a fire loss, Mr. Goodridge of that firm being the trustee named in the trust deed. The only evidence as to the ownership of the note at this time that we have been able to discover from the record is in the testimony of Mr. Goodridge, and he testified that the mortgage at that time was not owned by him or by his firm, but by a client of the firm, and that his only duty was to collect the interest. He further testified that the amount of the insurance was paid over to the representative of a Mrs. Ottman, who, prior to her death, was the equitable owner of the property. We think that the conclusion of the master and the court that this did not constitute a payment upon the principal of the note is correct.

Another question raised in the case is as to the fees of the master. It appears that the master was allowed $208, which consisted of an item for stenographer's services of $91.50, the statutory fee of the master for taking testimony, which amounted to $91.50, and an additional fee of $25.00 for examing questions

of law and fact and preparing his report. The allowance of stenographer's fees was proper. (Section 20, Chapter 53, Revised Statutes; Biewer v. Mueller, 254 Ill. 315), and we do not regard the other charges excessive.

The decree will be affirmed.

*Affirmed.*