HENRY E. BECK, et ux., v. W. F. HAMILTON, G. C. LINDS-LEY, EMMA J. BROWN, a widow, FIRST NATIONAL BANK OF FITZGERALD, GEORGIA, a National Banking Corporation, etc.

174 So. 588.

Division A.

Opinion Filed May 27, 1937.

*W. J. Pruitt* and *Van C. Swearingen,* for Appellants;
*Joseph Weintraub,* for Appellees.

PER CURIAM.—Appellants filed amended bill of complaint to foreclose a mortgage. The appellees filed a counter-claim in which they sought to have cancelled the assignment of the mortgage to the appellants and also to have cancelled what is termed a support and maintenance agreement between the parties. They allege in effect that G. C. Lindsley was the equitable owner of the property, having purchased the same from one Hamilton; that Hamilton had executed a mortgage to Lindsley; that Hamilton had become involved in debt; judgments had been obtained against him and that he was unable to pay off and discharge the mortgage; that he could not convey clear title back to Lindsley on account of the judgments and, therefore, on agreement between Lindsley and Mrs. Brown and Hamilton, Hamilton assigned the mortgage to Lindsley and later Lindsley assigned it to Mrs. Brown. That thereafter Mrs. Brown and Lindsley entered into an agreement with the Becks, whereby the Becks agreed in effect to take proper care of Mrs. Brown and Mr. Lindsley; to support them and furnish them with all things needful for their health and comfort for the balance of their natural lives in consideration of which agreement Mrs. Brown and Mr. Lindsley agreed to assign the mortgage and to allow the Becks to live with them in the home on the premises described in the mortgage. That under that agreement the mortgage was assigned by Mrs. Brown to the Becks. They alleged that the Becks had violated their agreement, had made life unbearable, had failed to insure the property which was another covenant assumed by them in the agreement, had treated Mrs. Brown and Mr. Lindsley in such a cruel and inhuman manner as to drive them away from the home and, therefore, they prayed a cancellation of the assignment of the mortgage because of a failure of con-

siaeration and prayed a cancellation of the agreement and repossession of the property.

Service of answer and counterclaim was made upon one of the defendants and the attorney of record for the defendants. The attorney of record accepted service of the answer and counter-claim.

When the counter-claim was not answered on the succeeding rule day, July 6, 1936, motion was filed for decree *pro confesso* and on July 10, 1936, decree *pro confesso* was entered. The cause then proceeded *ex parte*. Though the original complainants had filed a motion to have other parties made defendants, the motion was never called up for hearing and no action was taken on it.

After decree *pro confesso* was entered testimony was taken and thereupon final decree was entered in favor of the counter-claimants granting the relief prayed. No procedural reversible error has been pointed out. The evidence amply sustains the allegations of the counter-claim. Therefore, the order and decree appealed from should be affirmed and it is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.