Francis M. Collins, *et ux.,* v. J. H. McKelvain, as Administrator of the Estate of Drusilla K. Collins McKelvain, deceased.

189 So. 655
Division B
Opinion Filed June 6, 1939
Rehearing Denied June 24, 1939

*James H. Finch* and *H. L. Grace,* for Appellants;
*Clyde R. Brown,* for Appellee.

PER CURIAM.—This appeal is from a final decree holding in effect that a warranty deed given in consideration for a promise of support and care of grantor for the remainder of her life may, under certain circumstances, be declared void and cancelled of record.

On September 19, 1930, Mrs. Drusilla K. Collins executed to her step-son, Francis M. Collins, a warranty deed conveying certain described property, containing approximately 79 acres, and on which was situated grantor's home. At the time of the conveyance, the grantor was a widow, about 50 years of age, without children of her own, was gradually growing blind, and had lived on the property conveyed for over forty years.

Plaintiff filed her bill of complaint against defendant praying for cancellation of the deed. The bill alleged that plaintiff deeded the property to her step-son, Francis M. Collins, in consideration of his promise "to support the plaintiff and furnish her with board, lodging, clothing and all the necessities of life, and care for her tenderly for the remainder of her life, and provide her with a decent burial at her death." The bill alleged, in effect, that shortly after he acquired a deed to the property, Francis M. Collins changed his attitude towards plaintiff, and would do and say things to make her life unpleasant. The bill also alleged that the defendant denied plaintiff the "little necessities of life that she needed."; that his conduct "became so outrageous" that plaintiff was forced to leave his home on two different occasions; that this conduct of defendant "has been continuous since the execution of said deed, up until March, 1937, when his conduct became so outrageous that plaintiff was forced to leave her home and take up

her residence elsewhere."; that defendant has had the rents and profits from the property since the deed was executed and has sold approximately $800.00 worth of timber off the property, yet "the defendant has refused to support the plaintiff" and "has made statements in the community that he never intended to care for plaintiff or let her live in his home any more."; that even though blind, plaintiff can "walk from room to room" in her home unaided, and living there would afford her a great source of satisfaction in her declining years.

The gist of the cause stated in the bill of complaint is found in the following portion of the bill:

"Plaintiff alleges that said promises were made by the defendant for the purpose and object to fraudulently obtain a deed to the above described property, which was plaintiff's home, under false and fraudulent promise to give her in her old, feeble, and blind condition, a home and care for her during the remainder of her natural life, when, in fact, the defendant, Francis M. Collins, had no intention of fulfilling said promises, and which promises he afterwards refused to make good as hereinafter recited."

The defendant answered, denying the material allegations of the bill, and averring that he had spent $700.00 in making improvements on the property; and filed a cross-bill asking reimbursement for money expended on plaintiff's board and lodging.

Testimony was taken before special examiner, Hon. O. C. Speight.

After due notice and argument by counsel, the Chancellor entered final decree finding that the deed herein involved is void; and decreed that upon plaintiff paying into the registry of the court, for the defendant, $75.00, within 30 days, for improvements made on the premises, the clerk shall cancel said deed of record.

Suggestion is made here that plaintiff departed this life intestate on February 26, 1939, before this case was decided, and motion is made that J. H. McKelvain, as Administrator of the estate of deceased, be substituted as party appellee, certified copy of the letters of administration being attached. The cause is allowed to proceed in the name of the administrator as substituted party appellee.

The only substantial question involved in the appeal is whether equity could, under these circumstances, decree cancellation of this deed.

Where a deed is executed in consideration of an agreement by the grantee to support the grantor, and this agreement is made by the grantee for the *fraudulent purpose of securing the deed* and without intending to carry it out, and it has this effect, it constitutes a fraud vitiating the convelance, and equity will set it aside. Salyers' v. Smith, 67 Ark. 526, 55 S. W. 936; Priest v. Murphy, 103 Ark. 464, 149 S. W. 98. See also Oard v. Oard, 59 Ill. 46; Jones v. Neely, 72 Ill. 449; Seymour v. Belding, 83 Ill. 222; Cooper v. Gum, 152 Ill. 471, 39 N. E. 267; Spangler v. Yarborough, 23 Okla. 806, 101 Pac. 1107, 138 A. S. R. 856; White v. White (Tex. Civ. App.), 95 S. W. 733.

Conduct of the grantee, after accepting conveyance of property, in failing to provide support and maintenance for the grantor, gives rise to the presumption of an abandonment of the contract (to provide support and maintenance for the grantor) and of a *fraudulent intent in entering into it and taking conveyance of the property;* and relief is given upon this ground rather than upon the right to rescind for failure of grantee to carry out the terms of the contract. See McClelland v. McClelland, 176 Ill. 83, 51 N. E. 559; Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, 101 A. S. R. 243.

A deed, the consideration for which is the support of

the grantor, will be cancelled where to deny relief would be perpetrating a fraud on the grantor. Relief in equity in this class of cases is not a matter of strict right, but is granted or refused according to whether from all the circumstances, it is just and reasonable in the particular case, because it is made to appear that fraud has been practiced on the grantor. See Beck v. Hamilton, 128 Fla. 332, 174 So. 588; Diggins v. Doherty, 4 Mackey (D. C.) 172; Reid v. Burns, 13 Ohio St. 49.

The evidence, though conflicting, was sufficient to support the material allegations of the bill of complaint, and was sufficient for the chancellor to order cancellation of the warranty deed, under the circumstances outlined in his final decree. The final decree was therefore without reversible error, and should be, and is, hereby affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and THOMAS, J. J., Concur.

BROWN and CHAPMAN, J. J., dissent.