BESSIE C. ANDERS, *et al.*, v. ANNIE ANDERS.

197 So. 451

Division B

Opinion Filed July 16, 1940

722

*Worth, Bivens & Lively,* for Appellants;

*Guss Wilder,* for Appellee.

CHAPMAN, J.—On January 12, 1939, Annie Anders, widow, filed a second amended bill of complaint in the Circuit Court of Pinellas County, Florida, praying for the cancellation of a deed dated April 23, 1936, from Annie Anders, widow, to Samuel V. Anders, on the grounds; (a) that the deed was obtained by undue influence and false representations; (b) want of consideration; (c) the undertakings of the grantee in the deed, Samuel V. Anders, were personal to him and he died on July 19, 1938, prior to complying with the covenants of the said deed.

The deed conveyed real estate situated in Pinellas County and transferred several real estate mortgages, but the value of the property affected by the instrument does not appear in the record. The portions of the deed material for a decision of the case at bar are, viz.:

" * * * All property hereby conveyed is absolutely and unconditionally conveyed except as to restrictions or encumbrances hereinbefore mentioned and also except that the grentee shall not sell, convey, mortgage, or place a lien thereon, or suffer a lien to accrue upon or against said Lots 16, 17 and 18 of Block C, said Belleview Court, hereinbefore described, this being the home place now occupied by the grantor. The grantor hereof forbids the grantee herein to sell, mortgage, or place a lien on said Lots 16, 17 and 18, Block C, or on any portion thereof or on the con-

tents thereof, that is, the household or kitchen furniture, fixtures, or other things used in conection with the operation and maintenance of said home on said lots, until after the death of the grantor, this restriction being made in this conveyance as a condition the deliberate breach of which shall automatically cancel this conveyance as to said three home place lots.

"The grantee, by acceptance of this deed, specifically agrees to its terms and conditions and especially covenants, in consideration of this deed to him, to provide the grantor, Annie Anders, with proper food, clothing, medical attention, and care for and during the remainder of her entire natural life and to defray the expenses of her interment after her death." * * *

"I, Samuel V. Anders, grantee in the foregoing deed, do hereby accept same and agree to its terms and conditions.

"This April 23, 1936.

"Samuel V. Anders (SEAL)

"Accepted in the presence of :
"Guss Wilder
"Helen Wetherford."

The grantor in the deed, *supra,* is a widow in her late sixties. The grantee had a wife and two children but lived apart for many years because of some estrangement. The grantee, for some time, had made his home in a fishing camp on Lake Butler located in Pinellas County, some 17 miles from Clearwater. He owned and rented boats, sold fish bait and tackle, and acted as a guide for fishing parties. The grantee in the deed and the grantor's deceased husband were brothers. It appears that the grantee, after separating from his family and before taking a home on the lake, lived with or made his home in part with the grantor and her

husband. The grantor had many hardships when living at the camp on the lake.

Shortly after the execution of the deed, *supra,* the grantor was required to make her home in a cabin on the lake which she took up in July, 1936, and there she continued to live until the death of S. V. Anders about two years thereafter. The parties had a joint bank account with one of the Clearwater banks and the grantor had obtained a loan from the bank and secured the payment thereof with a government bond. The proceeds of this loan went into the joint bank account. Some of the property conveyed by the deed was income-producing property, and there is in the record some testimony to the effect that the income from some of the property conveyed was not only used to defray their living expenses, but was largely their entire source of income. The book of accounts kept by S. V. Anders shows the receipt of money from the rent of boats, sale of fish bait and money etarned in and about the camp. The funeral expenses of S. V. Anders, as shown by the record, were paid by the appellee and not by the decedent's widow or sons.

Counsel for appellants contend: (1) that the record here shows that the deceased S. V. Anders for two years and three months devoted his entire time, property and income in providing for Annie Anders, grantor named in the deed, and for this reason there was a substantial compliance with the covenants in the deed, *supra;* (2) is the covenant named in the deed so personal that the same can or may be terminated by the death of the grantee; and (3) is the covenant here such that the heirs of S. V. Anders can step into the shoes of their deceased father, the grantee, thereby performing the covenants as to the grantor and thereby obtaining title to the property described in the deed?

On the threshold of this case we are confronted with findings of fact as shown by the final decree, which, unless

clearly erroneous, under the law, are binding on this Court, viz.: "Viewing the case on the pleadings and the evidence as an entirety, the court finds all the equities on all the issues' to be with the plaintiff. * * * In finding and holding that all of the equities on all of the issues are with the plaintiff, the court is not unmindful of those cases in which the grantee, under the circumstances, might have made permanent improvements, enhancing the value of the property. * * * That contracts of this class generally in which the grantee in a deed as a sole consideration therefor agrees to care for and support the grantor for the grantor's life, are motivated by considerations so personal that after the death of the grantee no other person can be substituted."

This Court, in the case of Collins v. McKelvain, 138 Fla. 463, 189 So. 655, had before it for consideration the cancellation of a deed in an equity suit, the facts thereof being similar to the case at bar, and said:

"Where a deed is executed in consideration of an agreement by the grantee to support the grantor, and this agreement is made by the grantee for the *fraudulent purpose of securing the deed* and without intending to carry it out, and it has this effect, it constitutes a fraud vitiating the conveyance, and equity will set it aside. Salyers v. Smith, 67 Ark. 526, 55 S. W. 936; Priest v. Murphy, 103 Ark. 464, 149 S. W. 98. See also Oard v. Oard, 59 Ill. 46; Jones v. Neely, 72 Ill. 449; Seymour v. Belding, 83 Ill. 222; Cooper v. Gum, 152 Ill. 471, 39 N. E. 267; Spangler v. Yarborough, 23 Okla. 806, 101 Pac. 1107, 138 A. S. R. 856; White v. White, (Tex. Civ. App.), 95 S. W. 733.

"Conduct of the grantee, after accepting conveyance of property, in failing to provide support and maintenance for the grantor, gives rise to the presumption of an abandonment of the contract (to provide support and maintenance for the grantor) and of a *fraudulent intent in entering into it*

*and taking conveyance of the property;* and relief is given upon this ground rather than upon the right to rescind for failure of grantee to carry out the terms of the contract. See McClelland v. McClelland, 176 Ill. 83, 51 N. E. 559; Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, 101 A. S. R. 243.

"A deed, the consideration for which is the support of the grantor, will be cancelled where to deny relief would be perpetrating a fraud on the grantor. Relief in equity in this class of cases is not a matter of strict right, but is granted or refused according to whether from all the circumstances, it is just and reasonable in the particular case, because, it is made to appear that fraud has been practiced on the grantor. See Beck v. Hamilton, 128 Fla. 332, 174 So. 588; Diggins v. Doherty, 4 Mackey (D. C.) 172; Reid v. Burns, 13 Ohio St. 49."

See: 9 Am. Juris. 376-7, par. 31; 4 R. C. L. 506-511, par. 20, Annotations appearing in 34 A. L. R., pages 136, *et seq.* In 12 Corpus Juris Secundum 989, par. 30, it is said:

*"Death of grantee.* There is a considerable difference of opinion as to whether the death of the grantee authorizes the rescission or cancellation of the conveyance, and this difference of opinion is in a measure due to the divergent reasons for which the courts have cancelled such conveyances. The courts in some jurisdictions hold that where grantee had complied with the contract until the time of his death, rescission cannot be decreed, since no fraud can be presumed under such circumstances. In other jurisdictions, it is the rule that the death of grantee will of itself furnish sufficient ground for cancellation.

"If on the death of grantee his heirs refuse to comply with the covenant, a cancellation of the deed is authorized. It is the rule in some jurisdictions, however, that so long as anyone in privity with deceased's grantee's infant children,

to whom title passed, complies with the contract the deed will not be canceled."

The chancellor below found all the equities on all the issues with the appellee here. The issues made by the second amended bill of complaint were: (a) that the deed was obtained by undue influence and false representation; (b) want of consideration; (c) the undertakings of the grantee in the deed were personal. While the latter issue may be a question of both law and fact, the lower court cited the case of Frissell v. Nichols, 94 Fla. 403, 114 So. 431, to sustain his conclusion. If the testimony in the record sustains the conclusions of the Chancellor on the issues: (a) that the deed was obtained by undue influence and false representations, and (b) want of consideration, then he found as a matter of fact that S. V. Anders failed to provide Annie Anders with proper food, clothing and medical attention according to the terms of the covenant in the deed. The witnesses described the bed or cot she slept on at the fishing camp; the food supply was described, and Annie Anders did not receive medical attention during these two years, but contacted "healers" of the "Christian Science" cult. If the testimony is sufficient to sustain the chancellor on these issues, then the question as to whether or not the heirs of S. V. Anders can step into his shoes and perform the covenants of the deed and thereby obtain title to the property presents an immaterial issue.

Counsel for appellants propounded to his witness, A. W. Anders, the following question: "Mr. Anders, are you willing, as an heir of your father, to carry out and perform your father's covenant contained in the deed filed in evidence, as plaintiff's Exhibit No. 7 to the full extent of your father's and the ability of all the estate inherited by you from your father?" "A. Yes." It is contended that the Illinois rule cited in the brief should control and the question and

answer are in line therewith. We are not required to pass on this question, because the lower court found from the evidence adduced that the grantee in the deed failed and omitted to perform and discharge the covenants named in the deed prior to his death on July 19, 1938. We hold there is substantial testimony in the record to sustain this contention. The findings of a chancellor will not be disturbed on appeal unless clearly shown to be erroneous. See Maxcy, Inc., v. Bateman, 119 Fla. 490, 160 So. 745; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317; Farrington v. Harrison, 95 Fla. 769, 116 So. 497.

In the case at bar able oral argument was made at the bar of this Court, exhaustive briefs filed in which all the testimony has been thoroughly discussed and analyzed, and the authorities cited have been carefully examined and independent research of the authorities has been made by the Court and after a careful examination of the entire record we have failed to find error.

The decree appealed from is hereby affirmed.

WHITFIELD, J., concurs.

BROWN, J., concurs in conclusion.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.