## SILVERMAN v. SILVERMAN.

No. 69-10204.

Circuit Court, Dade County.

December 22, 1969.

Willaim F. Fann, Jr., Miami Shores, for the plaintiff.

Emanuel Levenson, Miami, for the defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on for final bearing and the court, having observed the demeanor of the witnesses testifying for the respective parties, the exhibits, the pleadings, and being fully advised in the premises, makes the following conclusions and findings of fact —

The parties were married in December, 1954 in New York City and moved to Florida a few months later. They separated in the spring of 1960 due to domestic difficulties and the husband disappeared. The wife commenced suit for divorce and proceeded to

final hearing. It is uncertain as to whether 'or not the trial judge did or did not grant a divorce but he did advise the wife that she would have to obtain her husband's signature on a deed to the home (their only asset in 1960) because the court could not convey title to jointly owned real estate on constructive service of process.

About this time the wife learned her husband was incarcerated in a Cuban prison. She went to Havana in June of 1960 and saw her husband for the avowed purpose of obtaining a quit-claim deed from him. Although the testimony is conflicting is some minor respects, the court finds that the husband executed the deed dated June 27, 1960, while in prison under extreme duress and under the compulsion that if he did not sign the deed conveying the property to the wife that she would abandon him in prison. The wife returned to Miami, obtained $5,000 from her mother-in-law for payment to certain persons inside Cuba, thus obtaining her husband's release.

After the husband's return to Miami he reconciled with his wife and the original divorce proceeding was dismissed. In 1964 the husband, Martin Silverman, inherited $40,000 from his mother's estate. He utilized approximately $23,000 of these funds to purchase three permits for the operation of taxi cabs. In succeeding years the cab permits have approximately doubled in value and are presently worth $15,000 each. Shortly before institution of this suit the plaintiff sold one cab permit for $15,000. In April of 1969, upon approval of the court, a second cab permit was sold for $15,000 with one-half of the money going to the husband and one-half of the money going to the registry of the court. The plaintiff husband still owns the third and last cab permit having the present value of approximately $15,000 and from which he derives a weekly income of $60.

All of the funds from the sale of the cab permits have been spent by the husband and he is now without any funds whatsoever. A portion of the money was invested in an interior decorating business and has been a financial failure. The husband's only income at the present time is the $60 per week he derives from a lease of the third cab permit.

The wife worked approximately seven years of the marriage and contributed her earnings to the sustenance of the parties. Under her testimony she needs $150 per week in order to support herself and the minor child of the parties.

The plaintiff husband left his wife and took up residence with one Maggie Bryant in premises located at 101 North Birch Road, Fort Lauderdale, under the name of Mr. and Mrs. Martin Silverman.

It is therefore ordered, adjudged and decreed —

That the equities of the cause are with the defendant and counter-plaintiff, Catherine Silverman and she is entitled to and is hereby awarded a divorce a vinculo matrimonii of and from the plaintiff counter-defendant, Martin Silverman.

The defendant counter-plaintiff, Catherine Silverman, be and she is hereby awarded care, custody and control of the minor child of the parties, Mitchell Silverman, with reasonable rights of visitation vested in the plaintiff husband.

The defendant counter-plaintiff, Catherine Silverman, be and she is hereby awarded, as lump sum alimony, the existing taxi cab permit presently owned by Martin Silverman. Martin Silverman be and he is hereby directed and ordered to execute and deliver such documents as are necessary to convey all of his right, title and interest in said taxi cab permit to Catherine Silverman. The plaintiff counter-defendant Martin Silverman is directed to assign the existing lease to said cab permit together with the $60 per week income therefrom, to Catherine Silverman.

The plaintiff counter-defendant Martin Silverman be and he is hereby directed to transfer ownership of the certain life insurance policy, insuring the life of the minor child of the parties, to the defendant counter-plaintiff Catherine Silverman.

The quit-claim deed executed June 27, 1960, purporting to convey the home of the parties located at 1145 N. E. 110 Street, Miami, recorded in official record book 2792, page 1, on September 8, 1961 is hereby declared to be a void instrument, having been obtained under extreme duress and without consideration. This order shall operate to re-establish Martin Silverman and Catherine Silverman as the owners of said property legally described as —

lot 18, in block 2, of Miami Shores Heights, according to the plat thereof, as recorded in plat book 51 at page 51 of the public records of Dade County, Florida.

The defendant and counter-plaintiff shall have sole and exclusive right to possession of the property located at 1145 N. E. 110 Street, Miami, for so long as she shall remain unmarried and continue to live on the premises.

The defendant and counter-plaintiff, Catherine Silverman, be and she is hereby awarded the sum of $1,800 as a reasonable fee to be paid to her attorneys of record, Levenson & Richman.

Costs of these proceedings in the amount of $469.37 are taxed against the plaintiff husband and he is directed to pay the attorney

fees and court costs herein taxed from the proceeds of the sale of taxi cab permit number two on deposit in the registry of this court.

The plaintiff and counter-defendant is hereby directed to bring current, by payment from the funds on deposit in the registry of the court, those bills heretofore ordered in the temporary hearing.

The clerk of this court be and he is hereby directed to deliver to the plaintiff and counter-defendant the balance of funds on deposit in the registry of the court from the proceeds of the sale of the second cab permit after deducting therefrom the items the husband is directed by this order to pay. The clerk is authorized to accept written certification from the attorneys of record as to the exact amounts to be disbursed from these funds.

The court retains jurisdiction of this cause for the enforcement of this decree and the subsequent award of support for the minor child of the parties in the event that the plaintiff, counter-defendant's financial condition should change in the future.