456 So.2d 501 (1984)
Robert S. KINGSLAND and Barbara C. Kingsland, His Wife, and Donald L. Henry and Eleanor C. Henry, His Wife, Appellants,
v.
Gene GODBOLD, Etc., Appellee.
No. 83-1215.
District Court of Appeal of Florida, Fifth District.
August 30, 1984.
Rehearing Denied September 28, 1984.
William N. Asma of Ralph V. Hadley, III, P.A., Winter Garden, for appellants.
Michael J. Sheahan of Maguire, Voorhis & Wells, P.A., Winter Park, for appellee.
SHARP, Judge.
The Kingslands and Henrys appeal from a trial court judgment vesting title to a condominium unit claimed by them in appellee, Godbold. Based upon a set of stipulated facts, the trial court found that the Kingslands and Henrys had no provable interest in the unit other than possession. We disagree and reverse.
The facts stipulated to by the parties show that Errol-by-the-Sea, Ltd. (Errol), issued a warranty deed to the Kingslands and Henrys, conveying to each a one-half interest in the unit in fee simple.[1] Subsequently, a second deed was prepared and executed by Errol on September 22, 1980, conveying the identical property to Godbold. Godbold recorded his deed first on September 23, 1980, in Official Records Book 2201 at page 0983. Shortly thereafter, also on September 23, 1980, the Kingslands and Henrys recorded a copy of their deed[2] in Official Records Book 2201 at *502 pages 1546-59. However, it was stipulated that at the time the Godbold deed was executed and delivered that Godbold had actual knowledge of the existence of the deed to the Kingslands and Henrys.
If the only controlling fact here was who recorded first, Godbold would have priority under our recording statute.[3] However, Godbold's actual notice of the Kingsland and Henry deed changes this result. As stated by this court in Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982), "[a]n interest created first has superiority over an interest created later from the same source, provided that notice of the first created rights are available to those later acquiring rights in the same land." Id. at 117. See also Richmond v. Stockton, Whatley, Davin & Co., 430 So.2d 571 (Fla. 3d DCA 1983); Dunn v. Stack, 418 So.2d 345 (Fla. 1st DCA 1982); Ruotal Corporation N.W., Inc. v. Ottati, 391 So.2d 308 (Fla. 4th DCA 1980). Therefore, Godbold took subject to such rights as Kingsland-Henry might have had.
The trial court found, however, that the Kingsland-Henry deed was void for lack of consideration.[4] If this was established, the Godbold deed would prevail. It has long been the view in Florida that "deeds must be founded on a sufficient consideration, or else they are nuda pacta, and nullities." Southern Life Ins. & Trust Co. v. Cole, 4 Fla. 359, 377 (1852).[5]
The basis for the trial court's finding that there was no consideration was that no value was established by the exchange of papers between Kingsland-Henry and Errol to justify the conveyance, which was characterized by appellee as a "Chinese paper drill." However, the trial court failed to recognize that the deed recited a consideration of $10.00. This was not disproved.[6] Even a nominal consideration will support a deed. The sufficiency of consideration is not a relevant basis upon which to void a deed. 19 Fla.Jur.2d, Deeds § 53 (1980).
Because the Kingsland-Henry deed was supported at least by nominal consideration, and Godbold received his deed with notice of the prior Kingsland-Henry deed, the Kingslands and Henrys should have priority over Godbold. The judgment of the trial court is therefore
REVERSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The deed is undated, but it was stipulated that the deed was executed by a general partner of Errol, Richard L. Marks, "sometime in 1974." An acknowledgment and acceptance was executed on August 1, 1974, as evidenced by the notary acknowledgment.
[2] The original deed was held in escrow by the law firm of Hoffman, Henry, Smith and Henderson.
[3] Section 695.01(1), Florida Statutes (1983), provides:

No conveyance, transfer or mortgage or real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity as against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.
[4] Godbold also argues that the Kingsland-Henry deed was not delivered. We choose not to address this contention except to hold that the stipulated fact of delivery to the law firm was sufficient to satisfy this requirement. Howarth v. Moreau, 430 So.2d 576, 578 (Fla. 5th DCA 1983); see 8 Thompson, The Modern Law of Real Property, § 4227 (Grimes rev. ed. 1963); 23 Am.Jur.2d, Deeds §§ 131, 139 (1983).
[5] Consideration is required to raise a use by bargain and sale, which is then executed by virtue of section 689.09, Florida Statutes (1983). A deed may be set aside for want of consideration. 19 Fla.Jur.2d, Deeds § 44 (1980). See Chase Federal Savings and Loan Assn. v. Schreiber, Case No. 63,017 (Fla. July 26, 1984) [9 F.L.W. 313]; Anders v. Anders, 143 Fla. 721, 197 So. 451 (1940); Silverman v. Silverman, 34 Fla. Supp. 159 (11th Cir.1969).
[6] The recitation in the deed raises a presumption thereof, although parol proof may be introduced to rebut that presumption. J.C. Vereen & Sons, Inc. v. City of Miami, 397 So.2d 979 (Fla. 3d DCA 1981); see also Dunn v. Stack, 418 So.2d 345 (Fla. 1st DCA 1982); Homer v. Dadeland Shopping Center, Inc., 217 So.2d 844 (Fla. 3d DCA), overruled on other grounds, 229 So.2d 834 (1969).