LORINDA GILLAM *et al.* Appellees, *vs.* FRANCIS WRIGHT *et al.* Appellants.

*Opinion filed October 28, 1910.*

1. EVIDENCE—*when parties are incompetent.* Where the complainants in a partition suit claim title on the ground that their ancestor's deed of homestead premises to her husband was inoperative to convey the homestead, and the defendants, as heirs of the grantee, claim that the deed was operative, neither the parties nor their husbands or wives are competent witnesses in their behalf.

2. HOMESTEAD—*when deed to homestead premises is inoperative.* A deed to homestead premises by a householder to his or her wife or husband, not subscribed or acknowledged in accordance with the statute by such wife or husband, does not operate to convey the estate of homestead where possession is not abandoned or given pursuant to the conveyance.

3. SAME—*when title to homestead property descends to grantor's heirs.* Where a wife conveys the homestead premises, which are worth less than $1000, to her husband without the latter joining in the deed as provided by statute, and the wife continues in possession of the property with the husband until his death and remains in possession alone until her own death, the legal title to the property descends to her heirs, notwithstanding she may have believed her deed was valid.

4. SAME—*fact that consideration was received does not affect force of statute.* The fact that the wife, in conveying the homestead premises to her husband, may have received notes which she collected does not affect the force of the statute requiring the hus-

band to sign and acknowledge the deed in order for the convey-
ance to operate upon the homestead estate.

5. SAME—*widow's agreement to release dower for possession of
homestead is without consideration.* A widow is entitled by law to
occupy the homestead premises after her husband's death whether
she is the owner or her husband was the owner, and hence an
agreement by which she releases her interest in other lands for
the right to remain in possession of the homestead property, which
is worth less than $1000, is without consideration.

6. SAME—*when there is no laches in seeking to set aside deed.*
If the wife, after making a deed to the homestead premises to her
husband, in which he did not join, remains in possession of the
premises until her death, and there is no delay by the heirs-at-law
after her death in asserting their right to have the deed set aside,
there is no *laches* on the part of either.

7. SAME—*when heirs are not estopped to claim the homestead
property.* The fact that a wife may have received the purchase
money on conveying the homestead premises to her husband by a
deed in which he did not join, does not raise any estoppel against
her heirs to have the deed set aside after her death nor require
them to tender back the purchase money, where they did not re-
ceive the purchase money nor take part in any fraud, deception or
misrepresentation inducing a change of situation by any one.

APPEAL from the Circuit Court of McDonough county;
the Hon. HARRY M. WAGGONER, Judge, presiding.

MARVIN T. ROBISON, for appellants.

J. Ross MICKEY, and FLACK & LAWYER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellees, the heirs-at-law of Minerva A. Wright,
deceased, filed their bill in this case in the circuit court of
McDonough county on August 4, 1909, against the appel-
lants, the heirs-at-law of Isaac Wright, deceased, who was
the husband of said Minerva A. Wright, asking the court
to set aside a deed from said Minerva A. Wright to Isaac
Wright of their homestead, which was worth less than

$1000, for the reason that the deed was not operative to convey the homestead estate, and to partition said premises between the complainants. The bill was answered, and the principal defenses were, that Minerva A. Wright received a valuable consideration for her deed, and that after the death of her husband she recognized the validity of the deed and released her right of dower in other lands as a consideration for the possession and use of the homestead during her life. The cause was referred to the master in chancery to take the evidence and report the same, with his conclusions. He reported that the homestead was worth less than $1000 and that the deed was void, and his conclusion was that the complainants were entitled to a decree canceling the deed and for partition. The cause was heard on exceptions to the report, which was approved, and a decree was entered accordingly.

On the hearing before the master one of the heirs of Isaac Wright and the husband of another and one of the heirs of Minerva A. Wright testified, and the testimony of each one was objected to on the ground that the witness was not competent. The complainants were suing as the heirs-at-law of Minerva A. Wright and the defendants were defending as the heirs-at-law of Isaac Wright. The complainants claimed the estate by inheritance from Minerva A. Wright as her heirs-at-law, and the defendants resisted that claim by insisting that the estate had descended to them as heirs-at-law of Isaac Wright, and as the complainants were suing for an estate by virtue of their inheritance and the defendants claimed the same estate by inheritance, they were suing and defending as heirs of deceased persons. The parties to the suit and those directly interested in the event were therefore not competent to testify generally in the case, and as the heir was not competent her husband could not testify in her behalf. *Heintz* v. *Dennis,* 216 Ill. 487.

The facts proved by competent testimony are as follows: Prior to and at the time of the marriage of Minerva A. Wright to Isaac Wright, in 1885, she owned the premises in question and occupied the same as her homestead. After the marriage the parties lived together as husband and wife upon the premises as their homestead, and were so residing thereon when Minerva A. Wright, on March 16, 1886, executed a quit-claim deed of the premises to her husband, Isaac Wright, and he did not join in the deed. The premises were worth about $700. They continued to occupy the homestead until December 18, 1889, when Isaac Wright died, leaving Minerva A. Wright, his widow, and the defendants, his heirs-at-law. He had sold some real estate to his son-in-law and had taken two notes, of $500 each, for unpaid purchase money. Minerva A. Wright collected these notes shortly after the death of her husband. Isaac Wright left some other real estate, worth $400 or $500, and personal property amounting to something over $2000. The estate was administered, and in a suit for partition of the other real estate between the heirs of Isaac Wright the court found that the widow had released her interest in the same to his heirs-at-law. She continued to occupy the premises as her homestead until her death, on August 4, 1908, and at the time of her death one of her daughters was living with her and has continued to occupy the premises.

The law in this State is, that a deed of a homestead by a householder to his or her wife or husband, not subscribed and acknowledged in accordance with the statute by the wife or husband, where possession is not abandoned or given pursuant to the conveyance, does not operate to convey the estate of homestead. (*Kitterlin* v. *Milwaukee Mutual Ins. Co.* 134 Ill. 647; *Jespersen* v. *Mech*, 213 id. 488; *Despain* v. *Wagner*, 163 id. 598.) The deed of Minerva A. Wright could only become operative by abandonment of the premises or giving possession pursuant to the conveyance, and

the possession was never abandoned or given by her. She remained in possession until her death, and the legal title to the homestead, which remained in her, descended at her death to her heirs-at-law. There was a controversy as to whether the premises subsequently became of greater value than $1000, but from a reading of the testimony we are unable to say that they were ever worth more than that sum.

It is contended that Minerva A. Wright obtained the two notes, for $500 each, as a consideration for executing the deed, and that by collecting the same she gave life and validity to the deed. Eliminating the incompetent testimony, it is not at all certain that she received the notes as a consideration for the conveyance; but assuming that she did, the fact could not make valid a deed which was a nullity in the law for a failure to comply with statutory requirements. To hold that the receipt of a consideration would operate to convey the estate would be to nullify the statute, which provides that it can only be conveyed in a certain way.

It is also insisted that Minerva A. Wright released to the heirs of her deceased husband all her interest in his other lands in consideration of an agreement that she might occupy the homestead during her life, and that this had the same effect as taking a lease from the heirs. The supposed agreement was verbal and proved by incompetent testimony. But assuming the fact as claimed, the agreement was without any consideration. She was entitled by law to occupy the homestead whether she was the owner or the widow of the owner, and the heirs surrendered nothing for her release of all interest in the other lands. During her lifetime she supposed that her deed was valid and thought that the premises belonged and would go to the heirs of her deceased husband, but her view of the law could not change the statute.

It is argued that Minerva A. Wright and her heirs were barred by *laches.* But there was no *laches* on the part of

either.   She was in possession until her death, and there was no delay by the complainants in asserting their rights after her death.

Finally, it is contended that the complainants are estopped to deny the validity of the deed, and, in any event, were bound to tender back the purchase price.  There is no element of an estoppel against the complainants.  All the parties were bound to know the law, and there was neither fraud, deception, concealment nor misrepresentation causing or inducing any change of situation by anyone.  If, as a matter of fact, Minerva A. Wright received the notes for her deed, the purchase price never came to the hands of the complainants as her heirs, and as the deed was a nullity they were not required to purchase the premises from the heirs of Isaac Wright.  The statutory condition by which, alone, the homestead could be conveyed was wanting, and there was no estoppel to dispute the validity of the deed. *Richards* v. *Greene,* 73 Ill. 54.   See, also, comprehensive note to *McDonald* v. *Sanford,* 9 Am. & Eng. Ann. Cas. 1, for the authorities on the questions involved in this case.

The decree is affirmed.

*Decree affirmed..*