MARTHA M. WOOD, Appellee, *vs.* MARTHA A. LEEKA *et al.* Appellants.

*Opinion filed April 23, 1914.*

1. DEEDS—*effect of an agreement that grantor shall live with grantee and receive support.* Where the consideration for a deed is that the grantor shall live with and be supported by the grantee, the latter is not bound to furnish support at any other place if the grantor, without cause, refuses to live with the grantee; nor is the grantee bound to pay for support and service furnished by the grantor herself or other persons.

2. SAME—*grantor cannot take advantage of her own wrong to have deed set aside.* Where the grantor is the moving party in the execution of a deed based upon the consideration of her living with and being supported by the grantee and enters into the contract without any fraud or undue influence by the grantee, the deed will not be set aside in equity for failure of the grantee to carry out his contract, where the grantor, by her own unjustifiable acts, has prevented such performance.

APPEAL from the Circuit Court of Wabash county; the Hon. E. E. NEWLIN, Judge, presiding.

E. B. GREEN, and HOWARD P. FRENCH, for appellants.

H. M. PHIPPS, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On February 27, 1912, Martha M. Wood, the appellee, deeded to Martha A. Leeka and Daniel Z. C. Leeka, the appellants, eighty acres of land in Wabash county for the

expressed consideration of $4000. Appellant Martha A.
Leeka is the daughter of appellee, and Daniel is the hus-
band of Martha. On the same day a contract was executed
by the parties which disclosed the actual consideration. By
this contract appellants agreed, for and in consideration of
the conveyance to them of the eighty acres, to pay appellee
the sum of $100 on the 17th day of February of each year
during her lifetime and to furnish her with a home as a
member of appellants' family, to accord her kind and lov-
ing treatment, with all the attention that is due from a child
to a mother, to neglect her in no way, and at her death to
give her a proper and suitable burial. Appellee at that time
was residing upon the eighty acres in question, which had
been her home for more than forty-five years. Appellants,
upon receipt of the deed and the execution of this contract,
took possession of the farm and the parties assumed the
relations which were provided for by the contract. The
family was evidently unable to live happily together, and
during August of that year appellee filed her bill in the
circuit court of Wabash county to set aside and cancel the
deed to appellants. Within a day or two after the bill was
filed the relations between appellee and appellants became
so strained that appellants found it necessary to leave their
home and take up a temporary residence with one of the
neighbors. After a few weeks they moved their effects
from the farm, with the exception of some food supplies
which they had in the house and which they left with ap-
pellee. At the November term of the circuit court appel-
lee's bill was dismissed on hearing for want of equity.
After the determination of that suit appellants were unable
to arrive at any agreement with appellee, and on February
27, 1913, they effected a forcible entry into the dwelling
house on the farm and again took up their residence there.
They did not resume the family relations, but appellee re-
sided in one part of the house and appellants in another.
In the month of May following, appellee moved her house-

hold effects to the village of Friendsville and has since re-
sided there.  On November 7, 1913, she filed the present
bill in the circuit court of Wabash county asking the same
relief prayed for in the former bill.  Upon a hearing the
chancellor found the allegations of the bill to be true, en-
tered a decree directing the cancellation of the deed and
setting the same aside.  From that decree appellants have
prosecuted this appeal.

Appellee and her son, M. D. Wood, were the only wit-
nesses who testified in her behalf.  The son testified that
he had provided for his mother since August, 1912, with
the exception of a little fuel which was furnished by Dan-
iel Leeka.  Wood also resides in the village of Friendsville,
and he testified that he had moved his mother to Friends-
ville and that appellants had requested him not to take her
away but to leave her with them on the farm.  Appellee
admitted in her testimony that on numerous occasions when
her daughter came to her home, after the determination of
the former suit, she refused to admit her and would not
allow her to come into the house, and that on some occa-
sions after appellants had returned and again taken up their
residence on the farm she had refused to accept food and
offers of assistance from her daughter.  She testified that
during all the time after appellants left the place, in Au-
gust, 1912, until she left, in May, 1913, she occupied a
separate part of the house, did her own cooking and ate by
herself, and that appellants had assisted her in no way ex-
cept by the payment of $100 due by the terms of the con-
tract on February 17, 1913.

Appellants both testified that they had always treated
appellee with kindness and consideration but were forced
to leave the farm because of the violent temper and hostile
attitude of appellee and of her personal assaults upon Dan-
iel Leeka.  They testified that frequently, and almost every
day after the termination of the former suit and before
they returned to the dwelling house, on February 27, 1913,

262 – 39

they attempted to see appellee at her home and to intercede with her to permit them to carry out the contract which they had entered into with her; that they always found the door locked and were never permitted to enter the house to converse with her except on two occasions, when a neighbor who had previously arranged with her for the interview accompanied them. The neighbor who accompanied them testified that on each of these two occasions appellants offered to carry out their contract with appellee and begged her to permit them to do so, but were repulsed. It was on one of these visits that the payment of $100 due by the terms of the contract was made. Aside from the neighbor who accompanied the appellants at these times, three other neighbors and the county judge testified on behalf of appellants. The testimony of these witnesses was to the effect that the appellee had stated repeatedly that she would never permit appellants to return to the farm; that all she wanted them to do was to give the farm back, and that if they returned to the farm she would make it so hot for them that they could not stay. The testimony conclusively shows that appellants at all times were willing to carry out their part of the contract and attempted to do so. The situation disclosed is an unfortunate and deplorable one. Appellee, when it became too late, evidently repented the bargain she had made and determined to assume such an attitude towards appellants that it would be impossible for them to continue to live in the same house with her. She cannot be permitted in this way to avoid the contract she has entered into.

The mere fact that appellants did not provide for appellee after her removal to Friendsville and did not pay the bills she contracted while she resided with them on the farm after February 27 does not entitle her to this relief. The failure of a grantee to perform his agreement to support the grantor during his lifetime as a consideration for the deed will entitle the grantor to a cancellation of the deed

in equity upon the theory that the grantee's conduct raises a presumption of fraudulent intention at the inception of the contract; (*Stebbins* v. *Petty*, 209 Ill. 291; *Russell* v. *Robbins,* 247 id. 510;) but where the grantor is the moving party in the transaction, which he enters into deliberately and without fraud or undue influence by the grantee, and by his own act prevents the grantee from keeping his agreement, this rule does not apply and the deed will not be set aside.   (*Williams* v. *Langwill*, 241 Ill: 441.)   By the terms of the contract here involved the deed was made upon the consideration that the appellee should live with and be supported by the appellants, and the latter are not bound to furnish support at any other place, and if appellee chooses, without cause, to remain away from appellants' home and live elsewhere they are not bound to pay for the support and service furnished by herself or other persons which she could have received at the home of appellants. *Russell* v. *Robbins, supra.*

The evidence fairly tends to show that appellee was the moving party in the negotiations which resulted in the execution of the deed and the contract.   These negotiations were conducted in the office of her attorney, and the proof shows that she dictated the terms of the contract and fixed the amount which should be paid to her annually.   The testimony of disinterested parties is to the effect that appellants treated appellee kindly and did everything within their power to induce her to remain with them and permit them to support and care for her, while, on the other hand, appellee was vehement in the declaration of her intention not to permit appellants to remain upon the farm and to compel them to return the farm to her.   Appellee has not shown herself to be entitled to the relief sought.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*