(No. 13120.—Decree affirmed.)

MARY DETIENNE, Appellant, *vs.* HENRY DETIENNE, Appellee.

*Opinion filed February 18, 1920.*

1. DEEDS—*general rule as to when equity will set aside deed given for support of grantor.* Where a grantor conveys land in consideration of an agreement by the grantee to support, maintain and care for the grantor during the remainder of the grantor's life and the grantee neglects or refuses to comply with the contract, the grantor may in equity have a decree rescinding the contract and setting aside the deed.

2. SAME—*when deed given for support of grantor will not be set aside.* The intervention of a court of equity to set aside a deed given for the support of the grantor is sanctioned on the theory that the grantee's failure to comply with his contract raises a presumption that the agreement was fraudulent in its inception, and such a deed will be set aside only when such facts are shown as will warrant the presumption that the contract was entered into and the deed secured by the grantee with a fraudulent intent not to perform the conditions of the contract.

3. SAME—*equity will not set aside deed executed in moment of indiscretion.* Courts cannot arbitrarily grant relief against acts of indiscretion and folly, and a court of equity will not set aside a deed given in consideration of the support of the grantor merely because the grantor acted unwisely in executing the deed.

4. SAME—*when a deed from wife to husband does not convey homestead.* Where the husband and wife occupy a homestead, a deed of the property by the wife to the husband in which the husband does not join is void where the property is not worth over $1000, and if the property is worth more than $1000 the deed conveys the described premises in excess of that amount but to the extent of $1000 the title is unaffected by the deed.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

TERRY, GUELTIG & POWELL, for appellant.

W. P. EARLY, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

In 1894 appellant, as an heir of her father, became the owner of forty-six acres of land in Madison county, Illinois. In 1895 she conveyed by deed the west half of this tract of land to her husband, appellee here. May 5, 1919, she filed her bill in the circuit court of Madison county alleging that the conveyance was made in consideration that her husband would properly support and care for her, and asked that the deed be set aside on the ground that her husband had violated his agreement by adopting a course of cruel treatment toward her. Issue being joined the cause was referred to a master in chancery, who took the proof and recommended that the bill be dismissed for want of equity. He also found that the property conveyed was a homestead, and that appellee acquired title to that part of the premises in excess of the homestead interest of $1000, the deed conveying the premises to him not being subscribed or acknowledged by him. The decree of the circuit court was in accordance with the report of the master, and this appeal is brought to review that decree.

Appellee and appellant were married on October 12, 1882, and to this marriage three daughters were born. The daughters are all living and married, the oldest being thirty-five years of age and the youngest thirty years. The appellee and appellant have lived together as husband and wife thirty-seven years and are still living together in the house on the premises in controversy. Appellee is now sixty-one years of age and appellant is fifty-eight years of age. At the time of their marriage and for a number of years thereafter appellee was engaged in digging coal and other work about the coal mines. After the death of appellant's father they built a house on the premises in controversy. Appellee left the mines and has since managed and operated the farm. Appellee objected to improving and operating premises to which he had no title, and at his request appellant

conveyed to him the west half of the farm. The consideration expressed in the deed is $2000, but the proof shows no money was paid and that the consideration was love and affection. Appellant claims that she conveyed this land to appellee in consideration of his promise to provide her with a good home and the necessaries of life and to otherwise support and maintain her in accordance with his obligations as a husband. The proof shows that appellee has been for some years addicted to the use of intoxicating liquors and on a number of occasions has become intoxicated; that on these occasions he neglected his work on the farm and left the stock and crops to the care of his wife and daughters; that except for these occasional sprees, which would last a day or so, he was attentive to his work and kept the premises in good condition. Appellee's conduct at times was reprehensible and he was guilty of offenses of commission and omission which cannot be too strongly condemned, but the question presented is whether or not the record shows a condition which would justify the setting aside of this deed.

It has been frequently held in this State that where a grantor conveys land and the consideration is an agreement by the grantee to support, maintain and care for the grantor during the remainder of the grantor's natural life, and the grantee neglects or refuses to comply with the contract, the grantor may in equity have a decree rescinding the contract and setting aside the deed and re-investing the grantor with the title to the real estate. A careful examination of these cases leads to the conclusion that the intervention of equity in such cases has been sanctioned in this State on the theory that the neglect or refusal of the grantee to comply with his contract raises a presumption that he did not intend to comply with it in the first instance and that the contract was fraudulent in its inception, wherefore a court of equity will not permit him to enjoy the conveyance thus fraudulently obtained. (*Stebbins* v. *Petty,* 209 Ill. 291; *Hursen* v. *Hursen,* 212 id. 377; *Brixel* v. *Brixel,* 230 id. 441; *Fischer*

v. *Fischer,* 245 id. 426.)    A deed of the character of the one here under consideration is set aside only when such facts are shown as will warrant the presumption that the contract was entered into and the deed secured with the fraudulent intent on the part of the one securing the title not to perform the conditions of the contract. (*Wood* v. *Leeka,* 262 Ill. 607; *Chamberlin* v. *Sanders,* 268 id. 41.) Mere vexation and annoyance of the grantor, caused by quarreling in the family at a time long after the deed was executed, is not ground for setting aside the deed. (*Hagan* v. *Waldo,* 168 Ill. 646.)    The evidence shows that appellant was possessed of all her natural faculties and acted voluntarily when she made this conveyance.    Because she may have acted unwisely would not justify the courts in setting aside this deed.    Courts cannot arbitrarily grant relief against acts of indiscretion and folly. (*Hintz* v. *Hintz,* 222 Ill. 248; *Huston* v. *Smith,* 248 id. 396.)    There was no showing that fraud was practiced in obtaining this deed or that appellee then entertained any thought of adopting a course of ill-treatment against appellant.    They have lived together for thirty-seven years, and there is no proof in the record justifying the assumption that appellee will not continue to live with and support appellant if she chooses to remain in the home.    The chancellor properly dismissed the bill for want of equity.

Where husband and wife occupy a homestead, a deed by the wife to the husband in which the husband does not join is void where the homestead property is not worth over $1000. (*Roberson* v. *Tippie,* 209 Ill. 38.)    The property here conveyed was worth considerably more than $1000 and the deed conveys to appellee the premises described in excess of $1000, but to the extent of $1000 in value the title in the premises was unaffected by the deed. *Barrows* v. *Barrows,* 138 Ill. 649; *Hathaway* v. *Cook,* 258 id. 92; *Heckmann* v. *Detlaff,* 283 id. 505.

The decree of the circuit court is affirmed.

*Decree affirmed.*