(No. 14264.—Decree affirmed.)

Benjamin C. Rutherford, Conservator, Defendant in Error, *vs.* Otto Schneider, Plaintiff in Error.

*Opinion filed February 21, 1923.*

1. Deeds—*consideration of care and support is sufficient for a deed from mother to son.* Although a deed from a mother to her son recites a certain sum as a consideration, merely for the purpose of determining the amount of revenue stamps to be used, there is sufficient consideration where the proof shows that the son was to take care of and provide for the mother for the rest of her life.

2. Same—*when a deed should not be set aside for mental incapacity.* Mental incapacity to execute a deed is not to be inferred merely from old age or feeble health, and testimony of the scrivener that the grantor gave him instructions as to drawing the deed and that she understood it when it was read to her is sufficient proof of mental capacity, where the witnesses testifying to the grantor's incapacity base their opinions merely on her weak physical condition and lack of experience in business.

3. Same—*when appointment of conservator is not material on question of mental capacity.* In a suit to set aside a deed from a mother to her son on grounds of mental incapacity and undue influence, the fact that a conservator was appointed at the suit of a daughter a month after the deed was executed is not material on the issue of mental capacity although the appointment was without a contest.

4. SAME—*when deed must be set aside because of presumption of undue influence.* Where the facts show the existence of a fiduciary relationship between a mother and her son, the most satisfactory evidence must be produced to show that a deed from the former to the latter was not obtained by undue influence, and where there is no satisfactory evidence to show that the deed was not so obtained it should be set aside.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. LOUIS BERNREUTER, Judge, presiding.

HAROLD J. BANDY, for plaintiff in error.

H. H. HOUSE, and JAMES A. WATTS, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error is prosecuted to reverse the decree of the circuit court of Washington county setting aside a deed from Mary Schneider to her son Otto Schneider. The record shows that Mrs. Schneider had lived with her daughter, Lydia Falter, in Madison county, for more than twelve years prior to May 16, 1919; that on the last mentioned date she was moved to the residence of her son Otto, the homes of both son and daughter being located in Granite City; that on May 22, 1919, the warranty deed in question was executed by Mrs. Schneider. It also appears that Benjamin C. Rutherford, the defendant in error, was appointed conservator for Mrs. Schneider on June 26, 1919, by the probate court of Madison county. Mrs. Schneider was not present at this hearing in the probate court and there was no contest on the same. She died intestate July 11, 1919. At the time of her death she was seventy-two years old. For more than two years prior thereto she had been paralyzed and unable to walk. The consideration expressed in the deed is $2000, but the proof shows the real consideration to have been that Otto should take care of and provide for his mother for the rest of her life. The justice of the peace who prepared the deed testified that a definite sum

was specified therein at his suggestion in order to determine the amount of revenue stamps to be used. By stipulation of the parties it was agreed that the land was worth $4000. If the deed is otherwise good the consideration must be held sufficient. (*Detienne* v. *Detienne*, 291 Ill. 439.) Rutherford, as conservator, filed a bill to set aside the deed on the grounds of mental incapacity, undue influence and lack of consideration. The special master to whom the case was referred heard the evidence and recommended that the deed be set aside for all three of these reasons. By decree of the court the deed was canceled and title to the real estate declared to be in Charles G. Schneider, William Schneider, Lydia Falter, George Zimmer, Henry Zimmer and Otto Schneider, in equal parts, as only heirs-at-law of Mrs. Schneider.

As is often true in cases of this character, the issue here is largely one of facts, and the problem of obtaining the right deduction from the evidence is rendered more difficult by the natural bias of some of the witnesses. It is unnecessary to set out in detail all the evidence here. On behalf of complainant below, defendant in error here, the physician who attended Mrs. Schneider testified that she was weakened physically and that mental weakness was the result, and the witness admitted that his judgment was based on the physical condition. The son Charles based his view of mental incapacity on the ground that she had no experience in business transactions. The opinions expressed by other witnesses are little, if any, stronger. Mental incapacity is not to be inferred merely from old age or feeble health, and the evidence is insufficient to show mental incapacity. (*Dalbey* v. *Hayes*, 267 Ill. 521.) The justice of the peace who drew the deed testified that he was sent for to come to see Mrs. Schneider,—he believed Otto came to him about it,—and that she gave him the instructions as to drawing the deed; that she understood the deed when it was read to her, and that to the best of his knowledge she was acting

freely and voluntarily. The appointment of a conservator more than a month afterwards without a contest, on the petition of the daughter, has no material bearing on the issue of mental incapacity. All the evidence appears to show that Mrs. Schneider was in a feeble condition, that she was physically unable to attend to her affairs, and that the deed was executed only a few days after she had been removed to the home of her son.

Under the facts shown on this record the relationship between the mother and son was of a fiduciary nature. In such a case the rule of law is that the most satisfactory evidence must be produced to show the deed was not obtained by undue influence. (*Francis* v. *Wilkinson,* 147 Ill. 370.) "The existence of the confidential relation creates a presumption of influence, which imposes upon the one receiving the benefit the burden of proving an absence of undue influence by showing that the party acted upon competent and independent advice of another, or such facts as will satisfy the court that the dealing was at arm's length, or that the transaction was had in the most perfect good faith on his part and was equitable and just between the parties, or, as some of the authorities say, that it was beneficial to the other party." *Hensan* v. *Cooksey,* 237 Ill. 620. See to the same effect, *Thomas* v. *Whitney,* 186 Ill. 225, and *Fish* v. *Fish,* 235 id. 396.

Without further discussing the question whether or not the deed should be set aside because of mental incapacity or undue influence, the conclusion under the authorities, on this record, necessarily follows that the deed was properly set aside because of the fiduciary relation existing between the mother and son; and there being no positive or satisfactory evidence in the record to show that the deed was not obtained by undue influence, therefore the decree of the circuit court properly set aside the deed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*