(No. 15638.—Judgment affirmed.)
WILHELMINE SCHROEDER *et al.* Appellants, *vs.* JAMES B. GINN *et al.* Appellees.

*Opinion filed December 19, 1923.*

1. HOMESTEAD—*homestead estate is a vested interest and not a mere exemption.* The homestead estate is a vested interest based upon the title of the householder and it has no separate existence as a mere exemption, and if the premises do not exceed $1000 in value the homestead estate embraces the entire interest, leaving no transferable interest distinct from the estate of homestead.

2. SAME—*conveyance of homestead must strictly comply with statute.* As the conveyance of the homestead estate is limited and defined by statute, the statute must be literally complied with.

3. SAME—*when homestead is not affected by deed from wife to husband—amendment of 1919.* Where a wife, prior to 1919, executes a deed to her husband in which he does not join, conveying property upon which they live as their homestead, the title to the premises to the extent of $1000 is not affected by the deed; and the amendment of 1919 to section 4 of the Exemptions act, providing that the husband or wife need not join in a conveyance from one to the other so as to pass the homestead, cannot be given a retrospective operation so as to pass the homestead to the husband for the benefit of his devisees, but the homestead remains in the wife and will pass by her devise.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding.

F. J. CAMPBELL, for appellants.

J. M. NACK, and F. T. SHEEAN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants brought an action in ejectment against the appellees in the circuit court of Jo Daviess county, seeking to eject them from the real estate involved in this case. The cause was submitted on a stipulation of facts, and the court found the issues for the appellees.

The facts are as follows: Henning Heins and Jennie Heins, his wife, were on February 6, 1909, living on the

property in question as their homestead. The fee to the property was in Jennie Heins. On that date she executed and delivered to Henning Heins, her husband, a deed to the property in which he did not join. They continued thereafter to live on the premises as their homestead until February 23, 1918, when Henning Heins died. Jennie Heins continued to occupy the premises as her homestead until her death, on February 19, 1923. The premises are of the value of about $1200.

Appellants claim as devisees under the will of Henning Heins. The appellee Mary Crawford is the sole devisee under the will of Jennie Heins, and appellee Ginn is a lien creditor. Appellees claim that the deed from Jennie Heins to her husband not having been signed by him is void as to her homestead of the value of $1000 but is valid as to any excess over that amount; that the homestead interest remaining in Jennie Heins was an estate in land which passed by devise to Mary Crawford upon the death of Jennie Heins.

Appellants contend that by the act of 1919 amending section 4 of the statute on exemptions the deed of Jennie Heins to her husband became a deed conveying the homestead estate by operation of law; that the interest retained by her under the deed prior to the passage of the amendment of 1919 was not a vested estate or interest in land but an exemption, merely, in which Jennie Heins and those claiming under her had no vested interest, and that when her husband died she accepted the provisions of his will, and her exemption terminated at her death.

The question in the case is as to the construction of the amendment of 1919 to section 4 of the Exemptions act. It is conceded that at the time of the execution of the deed of Jennie Heins to her husband it was void as to her homestead interest in the premises, and that in order to pass a homestead by a deed from one spouse to the other both must join in the deed, but it is said that by the amendment of 1919 her deed was validated. Prior to this amendment sec-.

tion 4 of the Exemptions act read as follows: "No re-
lease, waiver or conveyance of the estate so exempted, shall
be valid, unless the same is in writing, subscribed by said
householder and his or her wife or husband, if he or she
have one, and acknowledged in the same manner as con-
veyances of real estate are required to be acknowledged, or
possession is abandoned or given pursuant to the convey-
ance, or if the exemption is continued to a child or chil-
dren, without the order of a court of competent jurisdic-
tion directing a release thereof." By the amendment of
1919 (Laws of 1919, p. 590,) the following proviso was
added: "*Provided,* that where a conveyance is made by a
husband, who is such householder as grantor, to his wife,
or by a wife who is such householder as grantor, to her
husband, such conveyance shall be effectual to pass the
title expressed therein to be conveyed thereby whether the
grantor in such conveyance is joined therein by such wife
or husband, as the case may be or not."

It was held in *Kitterlin* v. *Milwaukee Mechanics' Ins.
Co.* 134 Ill. 647, that prior to the act of 1873 the right of
homestead was a mere exemption, and when the fee was
conveyed by the householder without formal waiver of
homestead the effect was to transfer his title to the land,
but so far as it affected the homestead right the operation
of the deed was suspended until the exemption was extin-
guished; that by the act of 1873 the householder became
vested with an estate in land of a value of $1000, which
was not determined by the extent or quantity of his inter-
est in the land, and that where the interest of the house-
holder in the premises does not exceed $1000 in value the
homestead estate embraces his entire interest, leaving no
transferable interest in the estate in him distinct from the
estate of homestead. Such homestead estate is based upon
the title of the householder and can have no separate ex-
istence independently from the title. It was also there
held that upon the death of the householder, in whom the

310—18

estate of homestead is primarily vested, that estate by operation of law passes to the surviving spouse for his or her life and upon the children of the householder during the minority of the youngest, and the heir-at-law takes a reversionary interest only, expectant upon the termination of the estate for life and for years created by the statute. It was held that the conveyance of a homestead being limited and defined by the statute it must be literally complied with. This rule was followed in *Garwood* v. *Garwood,* 244 Ill. 580, where it was held that a deed which purports to convey the homestead of the husband to his wife but in which she did not join was void, and upon his death the fee descended to and vested in his heirs, subject to the widow's right of dower and homestead. In *Gillam* v. *Wright,* 246 Ill. 398, it was held that where a wife conveys homestead premises worth less than $1000 to her husband without the latter joining in the deed, and the wife continues in possession of the property until her death, which succeeded that of her husband, the legal title to the property on her death descended to her heirs. In *Heckmann* v. *Detlaff,* 283 Ill. 505, it was held that where property conveyed, of which the homestead estate was a part, was worth more than $1000, the deed conveyed the title of the property in excess of $1000, but to the extent of that amount the title to the premises was unaffected by the deed. To the same effect is *Detienne* v. *Detienne,* 291 Ill. 439, *Hollenbeck* v. *Smith,* 231 id. 484, and *Karsten* v. *Winkelman,* 209 id. 547.

The above cases, and numerous other cases of this court, settle beyond controversy the proposition that a homestead estate is a vested interest in land and not a mere exemption. It is not contended that statutes will be given a retrospective operation where to do so would be to disturb a vested interest. The interest in homestead being a vested interest, it follows that the amendment of 1919 cannot be given

retrospective operation so as to pass the homestead.to Henning Heins for the benefit of the appellants, his heirs.

The circuit court was right in finding the issues for the appellees, and the judgment of that court will be affirmed.

*Judgment affirmed.*