(No. 27631.—

JOSEPH STASCH *et al.,* Appellants, *v.* GERTRUDE ROMZA *et al.,* Appellees.

*Opinion filed May 16, 1944.*

THOMAS C. KENNEDY, of Chicago, for appellants.

MITCHELL KILANOWSKI, of Chicago, for appellees.

· Mr. Justice Gunn delivered the opinion of the court:

Appellants, Joseph Stasch, Marie Mason and Ferdinand Stasch filed their complaint in the circuit court of Cook county to partition certain land claimed to have been owned by Frank Stasch, their father. It involved two parcels of real estate designated as tracts 1 and 2. As to tract 1 it is alleged that the legal title was in the defendants, Gertrude Romza, a daughter of Frank Stasch, and her husband, Paul Romza, and that the deed of conveyance by Frank Stasch was void because he was so ill, both physically and mentally, as to be unable to know and understand the nature and effect of a deed of conveyance, and that said defendants occupied a fiduciary relationship towards the father, and that the deed was obtained by fraud and undue influence.

Two other children, Martha Stasch Winifred and her husband, and John Stasch, were also made defendants. The prayer of the complaint is to set aside the deed for tract 1 to Gertrude Romza and Paul Romza, and for a partition of all of the premises. The whole issue in this case is the validity of the deed to parcel No. 1. The cause was referred to a master in chancery, who took the testimony and reported the same, together with his findings, to the circuit court, in which he recommended that a decree setting aside the said deed be denied. The court entered a decree denying the relief as to parcel No. 1 and this appeal followed. A freehold is involved.

The facts are simple. Frank Stasch was an old man suffering from a chronic illness from which he died April 6, 1941. Up to March 16, 1941, he had lived in a two-room cottage or cabin near the home of plaintiff Joseph Stasch. He was about seventy-five years of age and was confined to his bed from ulcers and other chronic diseases. No one lived in the cottage with him, but the wife of Joseph gave him such attention as she could. March 18,

1941, the husband and son of Gertrude Romza removed him from the cottage and took him to their home, and thereafter he was given constant attention by Gertrude Romza and his family doctor. At this time his real property was vested in a trustee for the benefit of his children. March 24, 1941, the sister of Frank Stasch visited him, and in the course of the conversation he said he would like to give the property mentioned as parcel 1 to his daughter, Gertrude, and the lake cottage to his son John. Thereupon his sister asked Gertrude Romza to call an attorney, and not knowing one she consulted a tenant in the building, who suggested the name of a practicing attorney, who called sometime during the day and talked with Frank Stasch regarding the matter of transferring the property. Upon examining the title papers the attorney advised Stasch he would have to procure a reconveyance from the trustee, and upon directions from Frank Stasch the attorney prepared deeds from the trustee to Frank Stasch, and also deeds from the latter to Gertrude and Paul Romza for parcel 1, and likewise a deed for another tract of real estate to the son John. These deeds were recorded. The daughter, Gertrude Romza, had lived in the premises conveyed, which was an apartment building, and had collected the rents and turned them over to her father.

The evidence in the case is principally from members of the family. The doctor who attended Frank Stasch testified he was quite ill and suffering from complications besides the ulcers, but his mind was clear and his mentality was not affected. The lawyer who prepared the deeds testified he was mentally alert and personally gave all of the directions to the attorney as to what he wanted done. There was no testimony from any witness that stated Frank Stasch was not in his right mind, or that he was not mentally able to understand business transactions at the time of the execution of the deeds in question. The circuit

court sustained all of the findings of the master except that the court found that there was a fiduciary relationship between the grantor and the grantees because of the fact that Gertrude Romza was his agent in the collection of the rents; but further found that the defendants had sustained their contention that the conveyance was made to them in accordance with directions, wishes and desires of Frank Stasch, and not because of any fiduciary relationship which existed between them. The evidence shows that Frank Stasch was critically ill, but his mentality was not affected. There were no witnesses who testified to facts showing mental incompetency. The record also shows that neither of the Romzas were present in the room either time the attorney consulted with Frank Stasch, and also shows the defendants were not acquainted with the attorney previous to his being called.

The principles applicable to the transactions involved in the present case are so well settled as to require only a reference to elementary principles. It has long been held that mental incapacity cannot be inferred merely from old age, ill-health' or eccentricities. (*Rutherford* v. *Schneider,* 307 Ill. 28; *McGlaughlin* v. *Pickerel,* 381 Ill. 574.) It is also clear that, if the conveyance of property is obtained by virtue of a fiduciary relationship, equity converts the grantee into a trustee of the legal title. (*Doner* v. *Phoenix Joint Stock Land Bank,* 381 Ill. 106.) It is also the law that the mere existence of a fiduciary relationship does not invalidate the transaction between the parties where the evidence discloses that the grantor had competent and independent advice of an attorney, or that the deed was not procured through improper means attended with circumstances of oppression or overreaching. *Jackson* v. *Pillsbury,* 380 Ill. 554.

In the present case it appears that the father was ill and not receiving proper attention. The daughter took him into her home and cared for him. The suggestion for

making the conveyance was made by Frank Stasch to a sister, who was not interested therein, and not by the daughter. The attorney called was unknown to all of the parties, and conferred with the grantor out of the presence of the grantees. The grantor gave all of the directions, and his reasons for the same. The evidence was taken before a master in chancery, and, without attempting to review it, his findings are amply sustained by the testimony. The action of the chancellor in changing the findings as to the fiduciary relationship is· immaterial to the result, because the court further finds it was not the procuring cause of the conveyance, and that finding is sustained by the evidence. This court is not warranted in reversing the findings of the master, and the approval by the chancellor of such findings, unless it is of the opinion that such findings are against the manifest weight of the evidence. *Pasedach* v. *Auw,* 364 Ill. 491.

The court overruled the master as to the existence of a fiduciary relationship but· found from the evidence the conveyance was not made by reason thereof. We have examined the evidence and are of the opinion the finding of the court on this issue in the case is sustained by the evidence. It follows that all of the contentions of the appellants have been found against them either by the master, with the approval of the chancellor, or by the chancellor upon matters in which he disagreed with the master. In either event the findings are sustained by evidence in the record, and are not against the manifest weight of the evidence.

The decree of the circuit court of Cook county is, accordingly, affirmed.

*Decree affirmed.*