(No. 30766.—

BARBARA EVERT, Appellant, *vs.* THOMAS EVERT, Appellee.

*Opinion filed January 19, 1949—Rehearing denied March 15, 1949.*

HALL, MEYER & CAREY, of Waukegan, (ODE L. RANKIN, of Chicago, of counsel,) for appellant.

BERNARD M. DECKER, of Waukegan, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On May 29, 1946, plaintiff filed suit in the circuit court of Lake County to set aside and cancel two quitclaim deeds whereby title to her real estate was placed in herself and defendant as joint tenants. A decree was entered dismissing the complaint for want of equity, and plaintiff appeals directly to this court.

The plaintiff is a widow 71 years of age, and defendant is a foster son whom plaintiff and her husband took to their home when he was about eight years of age and thereafter raised as their own son. After the death of plaintiff's husband in 1926, defendant remained in her home until 1933, when he married and moved into a home of his own. Plaintiff rented out some of the rooms in her house to tenants, and performed all the housework herself. In 1941 she suffered from arthritis, and expressed to defendant an intention to sell the house in order to relieve herself of the work incidental to its maintenance. Defendant thereafter began paying her $25 each month. After several such payments had been made, plaintiff and defendant orally agreed that plaintiff would cause the premises to be conveyed to defendant and herself in joint tenancy, and that defendant, in consideration therefor, would continue to pay her the sum of $25 per month during the remainder of her life. There was some evidence that defendant's promise was to make the payments only as long as he was able.

On August 30, 1941, plaintiff executed a deed to a disinterested bachelor as grantee, who thereupon executed a deed to plaintiff and defendant in joint tenancy. The two deeds were held by plaintiff until October 16, 1941, when she personally took them to the recorder's office and caused them to be recorded. Defendant was not present when the deeds were executed and has not had physical possession of them. After execution of the conveyance defendant continued to make the monthly payments until May, 1943,

when his wife became hospitalized. During her confinement in the hospital, approximately three months, defendant was unable to make the payments. In November of that year defendant was drafted into the armed forces, and his wife and child moved into plaintiff's home. They remained there until March, 1944, when they joined defendant in California over the protests of plaintiff. Plaintiff objected to defendant's wife leaving her, and told her that if she did so, plaintiff would sell the house. After the May payment of that year defendant was financially unable to continue the payments, although he made efforts through his commanding officer to obtain a dependency allotment for plaintiff.

Plaintiff sent letters to defendant, enclosing blank deeds for him to sign, and requesting that he reconvey the house to her. Defendant refused to comply, stating later that he just did not want her to sell the house. When he returned from service in January, 1946, he offered to make up the back payments. Defendant replied, however, that she did not want the payments but preferred to sell the house. Thereafter this suit was brought to cancel the deed to defendant. At the conclusion of the trial defendant deposited the sum of $1400 with the clerk of the court to the order of plaintiff. This sum included all unpaid installments due under the contract.

Plaintiff contends that the present contract is similar to an agreement whereby a parent conveys real estate to a child in consideration of support for the balance of the grantor's life. She then invokes the rule that where there is a failure to perform contracts of that nature, a court of equity will set aside the deed upon the ground that the circumstances justify the inference of an abandonment of the contract and a presumption of a fraudulent intent in entering into the contract. In other words, it is claimed by plaintiff that under the present circumstances defendant's

failure to make all the payments gives rise to the presumption that he entered into the contract originally, and obtained the conveyance, with a fraudulent intent.

The doctrine relied upon has no application to the facts of this case. It prevails only when such facts are shown as will warrant the presumption that the contract was entered into and the deed secured with a fraudulent intent on the part of the one securing the title not to perform the conditions of the contract. (*Detienne* v. *Detienne,* 291 Ill. 439.) The evidence shows that plaintiff acted voluntarily in entering into the contract and that defendant's default in his payments was caused by temporary financial inability over which he had no control. Such inability to continue payments is not sufficient to entitle a grantor to the extraordinary relief here requested, even though the failure to pay causes her severe hardship. A deed made in consideration of the support of the grantor will be set aside only if there has been an entire failure or refusal to perform the contract in respect to such material matters as would render the performance of the rest a thing different from what was contracted. (*Ropacki* v. *Ropacki,* 341 Ill. 301.) Such elements are not presented by the record in this case.

Plaintiff argues that there was no legal delivery of the deed. There is no merit in this contention. The recording of a deed is *prima facie* evidence of its delivery. When the grantor parts with possession thereof, the presumption arises that it was delivered for the benefit of the grantee. (*Sargent* v. *Roberts,* 265 Ill. 210.) There is nothing in the record to rebut this presumption. On the contrary, all the circumstances surrounding the transaction show that plaintiff intended to complete the execution and delivery of the deed and the conveyance of the property.

The chancellor properly dismissed the complaint for want of equity and the decree will be affirmed.

*Decree affirmed.*